**In re Robert Eric MORRIS and Alma Julietta Morris, commonly known as Julie Morris, formerly Alma Julietta Stickley, fdba Paint World, Inc., Debtors.**

**Michael A. ROBB and Barbara I. Robb, Plaintiffs,**

**v.**

**Robert Eric MORRIS and Alma Julietta Morris, fdba Paint World, Inc., Defendants.**

**Bankruptcy No. 80–00377.
Adv. No. 80–0057.**

United States Bankruptcy Court,
D. Nevada.

July 13, 1981.

**510**

Kevin Karp, Reno, Nev., for plaintiffs.

Sylvia J. Thompson, Reno, Nev., for defendants.

## OPINION AND DECISION

BERT M. GOLDWATER, Bankruptcy Judge.

This is an action by Michael A. Robb and Barbara I. Robb objecting to both the general discharge of the debtors and the dischargeability of their claim against debtors.

On June 30, 1978, plaintiffs sold their interest in Paint World, Inc., to defendants for $10,000.00. Defendants paid $4,000.00 in cash and signed a note for the balance of the purchase price. A security agreement gave plaintiffs a security interest in Paint World's furniture, equipment, and leasehold improvements. Defendants agreed to provide a financing statement which plaintiffs needed in order to file and perfect. Although plaintiffs requested the financing statement on several subsequent occasions, it was never received.

On April 20, 1979, Paint World entered into a security agreement with Benjamin Moore & Co. to secure payment of $15,954.72. The agreement gave Benjamin Moore a security interest in Paint World's accounts receivable, fixtures, and inventory. A financing statement was filed on April 30, 1979.

At the time of the execution of the second security agreement, defendants knew, or should have known, that plaintiffs had been unable to perfect their security interest and that the second security agreement covered many of the items covered by plaintiffs' security agreement. When the business closed early in 1980, Benjamin Moore took immediate possession of the items covered by its security agreement. Defendants' filed a bankruptcy petition June 11, 1980.

### I.

Plaintiffs contend that defendants, at the time of closing, with the intent to hinder and defraud the plaintiffs, transferred and removed property, rightfully securing plaintiffs' debt. Defendants contend that the property belonged to Benjamin Moore because Benjamin Moore perfected its security interest as required by N.R.S. 104.9303

and thus had priority pursuant to N.R.S. 104.9312(5).

11 U.S.C. 727(a)(2) provides in part:

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed or has permitted to be transferred, removed, destroyed, mutilated or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate after the date of the filing of the petition;

▪ To fall within the purview of Section 727, it is necessary that the debtors transferred *property of their own.*

When Benjamin Moore took possession of the items covered by its security agreement, it was within its legal rights under N.R.S. 104.901 et seq. Its security interest was properly perfected and first in priority. It cannot be said that defendants transferred or concealed their own property which, at the time the store was closed, was subject to the rightful claims of a third party.

## II.

11 U.S.C. 523(a)(6) provides discharge of a debt will be excepted:

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

The issue is whether the conduct of defendants, in executing a second security agreement in the same property secured by plaintiffs' agreement was a willful and malicious injury because defendants knew, or should have known, that plaintiffs had not perfected their security interest for the reason that defendants failed to sign a financing statement.

▪ Injuries within the meaning of Section 523(a)(6) are not confined to physical damage or destruction. It also encompasses injuries to intangible personal or property rights. *See* 3 *Collier, supra* at 523–116; *Gordon v. Weir,* 111 F.Supp. 117 (E.D.Mich. 1953).

▪ N.R.S. 104.1201 defines a security interest as an interest in personal property of fixtures which secures payment or performance of an obligation. Plaintiffs personal right was their interest in personal property. There was a valid security agreement between the parties without the filing of a financing statement. Defendants knew that giving Benjamin Moore a security interest in the same property in which plaintiffs had an interest would effectively destroy plaintiffs' security interest. The making of a second agreement was indeed an injury to plaintiffs' intangible personal rights.

The next question is whether this injury was willful and malicious. The word willful means deliberate or intentional, *In the Matter of Kasler,* 611 F.2d 308, 1 C.B.C.2d 276 (9th Cir. 1979), and an injury to an entity or property may be malicious if it was wrongful and without just cause. 3 *Collier, supra* at 523–115.

The injury here was deliberate. Defendants knew that Benjamin Moore would take a priority interest. The injury was also wrongful. Defendants knew that unless they gave plaintiffs the financing statement that plaintiffs would lose the security on which they had been relying.

Let judgment be entered that the defendant-debtors in this proceeding are entitled to a general discharge under Section 727 but that plaintiffs' claim for $6,000.00 is nondischargeable under 11 U.S.C. 523(a)(6) and plaintiffs are entitled to attorney's fees and costs.