In re Betty Carol SPRINGER, Debtor.

WORLD WIDE BEARING AND AUTO-MOTIVE PARTS, INC. d/b/a J & B Discount Automotive, an Illinois corporation, Plaintiff,

v.

Betty Carol SPRINGER, Defendant.

Bankruptcy No. 87–03153–BKC–AJC.
Adv. No. 87–0578–BKC–AJC–A.

United States Bankruptcy Court,
S.D. Florida.

March 31, 1988.

Mitchell W. Mandler, Miami, Fla., for plaintiff.

Matthew J. Schaefer, Fort Lauderdale, Fla., for debtor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. JAY CRISTOL, Bankruptcy Judge.

This bankruptcy case comes before the Court on February 1, 1988, on the Complaint of WORLD WIDE BEARING AND AUTOMOTIVE PARTS, INC. ("WORLD WIDE") to determine the dischargeability of certain debts incurred by the Debtor in this action, BETTY CAROL SPRINGER ("SPRINGER").

WORLD WIDE initially filed its lawsuit against SPRINGER in the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida, seeking damages and injunctive relief pursuant to Section 812.081(1)(c), Fla.Stat. (1985) (the Florida Civil Theft Statute). In essence, WORLD WIDE alleged that SPRINGER appropriated trade secrets (customer lists) of WORLD WIDE, which trade secrets were used by SPRINGER, resulting in damages.

The matter was heard by the court, the Honorable Gerald T. Wetherington, presiding. Judge Wetherington, in his Final Judgment, made the following findings of fact:

A. Plaintiffs customer lists are trade secrets within the meaning of Section 812.-081(1)(c), Fla.Stat. (1985);

B. Defendants, Wood, Jones, Gallego, Springer, Stebbins and Liberty, *intended* to and, in fact, did appropriate to their own use or to the use of another the Plaintiff's trade secrets, to-wit: Plaintiff's customer list;

C. Plaintiffs sustained actual damages by way of lost profits as a result of the action to these Defendants;

D. Injunctive Relief is necessary to avoid further damage or loss to the Plaintiffs; and

E. The actual damages sustained by the Plaintiffs against the individual Defendants are Six Thousand ($6,000.00) Dollars per each individual Defendant, or a total amount of Thirty Thousand ($30,000.00) Dollars, which includes compensatory and treble damages.

The trial court then entered a judgment for damages in favor of WORLD WIDE and against SPRINGER for Six Thousand ($6,000.00) Dollars, together with post judgment interest accruing at the rate of twelve (12%) percent per annum.

The issue, therefore, that arises is whether a Final Judgment arising on a claim of Civil Theft/Trade Appropriation is dischargeable in bankruptcy. The threshold question is not whether a Final Judgment arising on a claim of a specific crime or even a violation of the Statute—specifically Florida Statute Section 812.081(1)(c)—can be discharged in bankruptcy. Rather, the dispositive question turns on whether or not such an act as trade appropriation/civil theft arose on account of a *willful or malicious injury* to a person or property.

Section 523(a)(6) of the Bankruptcy Code provides in pertinent part:

> A discharge under Section 772 … of this title does not discharge an individual debtor from any debt—
>
> *for willful and malicious injury* by the debtor to another entity or to the property of another entity. (11 U.S.C., § 523(a)(6)).

11 U.S.C. Section 523(a)(6) deals with exceptions to the dischargeability of the debt. How the debt arose is of no real consequence. The theory of recovery is immaterial:

> The Statute [Section 523(a)(6)] does not attempt to distinguish whether such a debt arose on account of contract or tort theory. The question to be determined is not whether it was on account of contract or tort but simply on account of willful or malicious injury to personal property. *National Homes Corporation v. Lester Industries Inc.*, 336 F.Supp. 644, 647 (W.D.Va.1972).

Thus the question that must be answered is whether the individual Defendants' violation of Section 812.081(1)(c), Florida Statutes (1985) was a *willful and malicious injury* within the meaning of 11 U.S.C. Section 523(a)(6) and, further, whether or not the debt (the Final Judgment) arose on account of such acts.

A "willful and malicious injury" within the meaning of 11 U.S.C. Section 523(a)(6) means a wrongful act, intentionally done without just cause or excuse. *In re Callaway*, 41 B.R. 341 (Bankr.E.D.Pa.1984); *In re Gabrielson*, 1 B.R. 563 (Bankruptcy E.D.N.Y.). An actual intent to harm or injure is not required. An intent to do the wrongful act is sufficient. *In re McGibboney*, 8 B.R. 987 (Bankr.N.D.Ala.1981).

Examples of conduct which have been found sufficient to render a debt non-dischargeable under Section 523(a)(6) includes conversion: *See McIntyre v. Kavanaugh*, 242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205 (1916). There the Supreme Court looked at the findings of the trial court which had been affirmed by the Court of Appeals of New York and found that a conversion of property which was in fact, *willful and malicious* was a willful and malicious injury within the meaning of the Bankruptcy Act although conversion was not mentioned in Section 523(a)(6).

In the case of *In re Gilbride*, 32 B.R. 75 (Bankr.S.D.Fla.1983) in which the Bankruptcy Court held that a judgment debt for conversion was non-dischargeable, the judgment creditor objected to the discharge of a State Court judgment against the debtor for conversion. *Id.* at 75. The plaintiff initiated a lawsuit in Broward County Circuit Court, in which he eventually obtained a judgment for conversion totaling One Hundred Two Thousand Nine Hundred Forty ($102,940.00) Dollars. *Id.* at 77. Defendants subsequently filed for bankruptcy. The court concluded that the judgment debt for conversion was non-dischargeable because the Defendant's acts which constituted an *intentional conversion and an intentional deprivation* of the property of another were sufficient to satisfy the "maliciousness" requirement. *Id.* at 78. *See also In re Ertz*, 28 B.R. 1020 (Bankr.D.S.D. 1983) in which a complaint was filed to determine whether plaintiff's State Court judgment against debtor was dischargeable. The court stated that the State Court judgment awarding compensatory damages against debtor for assault and battery supported the conclusion that the debtor acted intentionally, rendering the judgment non-

dischargeable. In that case the debtor failed to pay the judgment and filed a petition of bankruptcy. Thus, the debt must arise from an injury that was inflicted deliberately or intentionally by the debtor rather than reckless disregard;

The meaning of the term "malicious" is best left to the particular circumstances of a case, keeping in mind at the beginning that the main purpose of the Bankruptcy Code is to let an honest debtor begin his financial life anew. *In re Langer*, 12 B.R. 957 (D.N.D.1981). An injury may be "malicious" if it was wrongful and without just cause. *In re Morris*, 12 B.R. 509, 511 (Bankr.Nev.1981). A wrongful act which necessarily produces harm as without just cause or excuse may constitute a *willful and malicious injury*. *In re Cheek*, 17 B.R. 875, 878 (Bankr.N.D.Ga.1982).

In the case *sub judice*, the individual Defendants' act which caused the willful and malicious injury to the Plaintiff was the knowing and intentional appropriation of WORLD WIDE's customer list/trade secrets. As a direct result of the individual Defendants' actions, WORLD WIDE suffered loss of profits. Furthermore, the individual Defendants profited from a willful and deliberate violation of the Statute.

In determining whether such a judgment is dischargeable in Bankruptcy under 11 U.S.C., Section 523(a)(6), it is proper to consider the law of the state under which the judgment was entered, to determine whether or not a judgment under the state law would be permitted which includes the necessary willful and malicious elements set out in 11 U.S.C. Section 523(a)(6), *National Homes Corp. v. Western Industries, Inc., supra*, at 647. An examination of § 812.081, F.S. (1985) makes it clear that a violation of said Statute requires the requisite intent to satisfy the "maliciousness" requirement of 11 U.S.C. 523(a)(6). Specifically, § 812.081(2), F.S., provides in pertinent part that:

Any person who, *with intent to deprive* or withhold from the owner thereof the control of the trade secret or with an *intent to appropriate* the trade secret . . .

Thus, it is clear that the act of trade appropriation/civil theft by SPRINGER arose on account of a willful and/or malicious injury to the person and/or property of WORLD WIDE. SPRINGER's subsequent filing in Bankruptcy will have no effect on the Final Judgment against her in the amount of Six Thousand ($6,000.00) Dollars, pursuant to 11 U.S.C. Section 523(a)(6), as the debt is non-dischargeable.

A Final has been entered this date pursuant to B.R. 9021(b).