980 F.2d 730
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ray M. PHIPPS, Plaintiff-Appellant,
v.
COMMONWEALTH OF KENTUCKY, Natural Resources and
Environmental Protection Cabinet, Defendant-Appellee.
 No. 91-5986.
 United States Court of Appeals, Sixth Circuit.
 Dec. 3, 1992.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and A. LEON HIGGINBOTHAM, Jr., Senior District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff Ray M. Phipps appeals the district court's order denying his Fed.R.Civ.P. 60(b) motion to reconsider its decision to reverse the bankruptcy court's judgment that Phipps's reclamation obligations to the Commonwealth of Kentucky were dischargeable in bankruptcy under 11 U.S.C. § 727(b). On review, the district court held that 11 U.S.C. § 523(a)(6) excepted Phipps's reclamation obligations from dischargeability. The limited issue before us is whether the district court abused its discretion in denying Phipps's Rule 60(b) motion to reconsider its judgment. We hold that it did not, and affirm.
 
 I.
 
 2
 On July 25, 1986, the Commonwealth cited Phipps for illegal mining activities on property owned by his father and ordered him to cease mining and to reclaim the areas mined. When the mining continued, Commonwealth filed suit in Franklin Circuit Court to force compliance with its order. On September 11, 1987, the circuit court issued a temporary injunction ordering Phipps to cease mining and to begin reclamation of the property. The circuit court issued a permanent injunction in March 1988 after Phipps ignored the temporary injunction. On August 3, 1988, the circuit court entered an order of contempt for Phipps's continued failure to cease mining and to reclaim the fields. He was sentenced to 12 months incarceration but allowed until October 15, 1988, to purge himself of contempt.
 
 
 3
 Phipps did nothing to purge himself. Instead, on August 26, 1988, he filed a voluntary petition in bankruptcy under Chapter 7 of the United States Bankruptcy Code, Title 11 U.S.C., in the United States Bankruptcy Court for the Eastern District of Kentucky. Four days later, he filed notice of the bankruptcy petition in state court and asked the state court to hold its contempt order in abeyance, arguing that 11 U.S.C. § 362 required an automatic stay of the state proceedings because his obligation to reclaim the mining property was a debt dischargeable in bankruptcy. In November 1988, the Commonwealth filed a motion in state court requesting that Phipps be required to show cause why he should not be jailed for his failure to purge himself of contempt. The circuit court refused to stay the action as requested by Phipps and, instead, granted Commonwealth's motion and ordered Phipps incarcerated on January 8, 1989.
 
 
 4
 Phipps then filed an adversary proceeding in the bankruptcy action seeking: 1) discharge of his reclamation obligations; 2) a preliminary injunction to prohibit the Commonwealth from enforcing the contempt order and to compel the state court to vacate the order; and 3) an award of fees and costs. The bankruptcy court ruled in favor of Phipps, holding that, under United States v. Whizco, 841 F.2d 147 (6th Cir.1988), Phipps's obligation to reclaim the mining property was a dischargeable debt under 11 U.S.C. § 727(b). The bankruptcy court also found that the Commonwealth did not have a sufficient property interest in the strip mine sites to maintain an action under 11 U.S.C. § 523(a)(6), which excepts from dischargeability obligations resulting from "willful and malicious injury to another entity or the property of another entity." The bankruptcy court concluded, therefore, that the reclamation obligation, to the extent it could not be personally performed by Phipps, was dischargeable in bankruptcy.
 
 
 5
 The Commonwealth appealed the bankruptcy court's decision to the District Court for the Eastern District of Kentucky. In response, Phipps filed notice that he wished to stand on the record of the bankruptcy court. On June 7, 1991, the district court reversed the bankruptcy court's decision. The district court held that the Commonwealth was an injured entity under section 523(a)(6); that Phipps's actions constituted a willful and malicious injury to the Commonwealth; and that, therefore, Phipps's reclamation obligation was excepted from dischargeability. More than ten days after judgment was entered, Phipps filed a Motion to Alter, Amend or Vacate Order or for Reconsideration of Opinion. Because the motion was filed untimely, the district court properly treated it as a Fed.R.Civ.P. 60(b) motion. The district court denied this motion on July 19, 1991.
 
 
 6
 Phipps appealed the denial of his motion to reconsider to this court. The Commonwealth filed a motion to dismiss the appeal because Phipps attempted to raise issues that involved the district court's initial order of June 7, 1991. This court denied Commonwealth's motion to dismiss but granted the motion to limit the issues on appeal, ruling that this court has jurisdiction to consider only the appeal from the district court's July 19 order denying Phipps's motion to reconsider.
 
 II.
 
 7
 We emphasize that the only issue before this court is whether the district court abused its discretion when it denied Phipps's motion to reconsider. Review of a denial of a Rule 60(b) motion does not raise the underlying judgment for review. Windsor v. U.S. Dep't of Justice, 740 F.2d 6, 7 (6th Cir.1984). "It is settled that a 60(b) motion 'cannot be used to avoid the consequences of a party's decision ... to forego an appeal from an adverse ruling.' " Pierce v. United Mine Workers of America Welfare & Retirement Fund, 770 F.2d 449, 451-52 (6th Cir.1985) (citation omitted), cert. denied, 474 U.S. 1104 (1986). The fact that the district court denied the motion in language that addresses the underlying substantive issues does not put those underlying issues in contention upon appeal.
 
 
 8
 As we have said, this court reviews the denial of a Rule 60(b) motion only for abuse of discretion. Bank of Montreal v. Olafsson, 648 F.2d 1078, 1079 (6th Cir.1981). Abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made, In re Bendectin, 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989), or when, for example, the district court " 'relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard.' " Black Law Enf. Officers Ass'n v. City of Akron, 824 F.2d 475, 479 (6th Cir.1987) (citation omitted).
 
 
 9
 Phipps's 60(b) motion, which alleged legal error, must be based on Rule 60(b)(1), mistake, inadvertence, surprise, or excusable neglect, or on Rule 60(b)(6), for "any other reason justifying relief." In his motion, Phipps asked the district court to reconsider its order on the ground that its order rendered this court's decision in Whizco moot. In Whizco, this court held that a reclamation obligation, to the extent that it cannot be performed personally by the debtor, is dischargeable in bankruptcy under 11 U.S.C. § 727(b). 841 F.2d at 151. According to Phipps's motion, the district court's finding that his failure to reclaim was nondischargeable under section 523(a)(6) makes the Whizco decision a "meaningless academic exercise because there will always be adverse environmental impact when abandoned mine sites are not reclaimed...." However, Whizco does not apply to this case because Whizco did not address the section 523(a) exceptions to dischargeability.
 
 
 10
 Under the Bankruptcy Code, except for debts saved from dischargeability under 11 U.S.C. § 523(a), a discharge in bankruptcy discharges the debtor from all debts that arose before bankruptcy. 11 U.S.C. § 727(b). The district court found, in accordance with Whizco, that Phipps's reclamation obligation to the Commonwealth was a dischargeable debt. However, the district court ruled that section 523(a)(6) applied to save the debt from dischargeability. Section 523(a)(6) provides:
 
 
 11
 (a) A discharge under Section 727 ... of this title does not discharge an individual debtor from any debt--
 
 
 12
 * * *
 
 
 13
 * * *
 
 
 14
 (6) For willful and malicious injury by the debtor to another entity or to the property of another entity.
 
 
 15
 Id. Contrary to Phipps's contention, the district court did not find that any failure to reclaim would constitute "willful and malicious" conduct under section 523(a)(6). Rather, it found that Phipps's failure to reclaim was "willful and malicious" because he knowingly continued to engage in illegal mining activities that caused injury to the Commonwealth after being ordered to cease and desist. Phipps also knowingly refused to begin reclamation of the mining sites in violation of the state court's injunctive orders and despite being faced with incarceration for contempt. Therefore, section 523(a)(6) excepted Phipps's reclamation obligation from dischargeability and, in effect, rendered Whizco inapplicable.
 
 
 16
 The district court did not abuse its discretion in denying Phipps's motion to reconsider. There was no mistake or neglect committed, nor was there any sound reason offered to warrant reconsideration of the court's June 7, 1991 judgment.
 
 III.
 
 17
 We AFFIRM the district court's denial of Phipps's motion for reconsideration.
 
 
 
 *
 The Honorable A. Leon Higginbotham, Jr., Senior Circuit Judge of the United States Court of Appeals for the Third Circuit, sitting by designation