**In re Jerry L. ALLISON.**

**PRP WINE INTERNATIONAL, INC., Plaintiff,**

v.

**Jerry L. ALLISON, Defendant.**

**Bankruptcy No. 94–10344–BKC–AJC. Adv. No. 94–0420–BKC–AJC–A.**

United States Bankruptcy Court, S.D. Florida, Miami Division.

Oct. 31, 1994.

Clifford R. Steele, Miami, FL, for plaintiff.

Ashley Diener, Hialeah, FL, for debtor/defendant.

Joel Tabas, Trustee, Tabas Singerman & Freedman, P.A., Miami, FL.

A. JAY CRISTOL, Chief Judge.

THIS CAUSE having come before the Court upon agreement of the parties for decision by the Court without trial, and the Court having reviewed the pleadings, the record and the entire file, and being otherwise fully advised in the premises, the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On May 9, 1994, PRP Wine International, Inc. ("PRP") timely filed its Adversary Complaint objecting to dischargeability of debts under 11 U.S.C. § 523(a)(6) and (a)(7). Therein, PRP asserted that certain debts of the Defendant/debtor, Jerry L. Allison ("Allison") to PRP were nondischargeable. The debts were derived from judg-

---

1. The parties have agreed and stipulated to the genuineness and admissibility of the state court pleadings, together with the transcripts related to

ments entered in a state court proceeding: the first judgment imposed sanctions against Allison upon his being found in contempt of court for violating the state Court's temporary injunction; in the second judgment, Allison stipulated to entry of judgment for violation of Florida's Trade Secrets Act, ch. 688, Fla.Stat.

2. On or about June 15, 1994, Allison filed his Answer and Affirmative Defenses to PRP's Adversary Complaint, asserting as his sole affirmative defense the fact that PRP is not a governmental entity and, therefore, not entitled to allege a cause of action under 11 U.S.C. § 523(a)(7). Thereafter, Allison amended his Affirmative Defenses, to assert five (5) additional defenses, to wit: unclean hands, fraudulent inducement, illegality, waiver, and release.

3. Upon motion, notice and hearing, summary judgment was entered in favor of PRP on each and every affirmative defense asserted by Allison; the parties thereafter agreed that a trial would be unnecessary and that this Court would decide the matter as a matter of law.

4. The following dispositive facts are apparent on the face of the records of the state court proceedings [1] or were admitted by Allison in his Answer to PRP's Adversary Complaint herein:

a. On or about September 14, 1990, PRP filed a Complaint and Verified Motion for Temporary Injunction against Allison in the Eleventh Judicial Circuit in and for Dade County, Florida, styled as *PRP Wine International, Inc. v. Allison, et al.*, Case No. 90–46013 CA 02. Therein, PRP sought injunctive relief against Allison based, in part, on Allison's willful misappropriation of Plaintiff's confidential customer lists and for violations of Florida's Trade Secrets Act.

b. On October 22, 1990, the state court entered a temporary injunction against Allison. Therein, the state court found that: PRP's customer cards and lists

the various hearings conducted in conjunction therewith.

constitute trade secrets under Chapter 688, Florida Statutes; Allison had entered into a written Employment Agreement with PRP; Allison had violated his written Employment Agreement with PRP; and PRP's trade secrets were wrongfully possessed by Allison.

c. On or about August 12, 1991 the state court entered an Order finding Allison in contempt of court based upon "substantial violations" of the Court's Temporary Injunction.

d. On October 22, 1991, the state court entered judgment in favor of PRP and against Allison based upon his violations of the temporary injunction.

e. On December 3, 1991, the state court entered an Order denying Allison's Motion for Rehearing and revised the amount of the judgment against Allison to $41,364.88, individually (the "Contempt Judgment").

f. On or about September 22, 1993, the state court entered an Order which approved and adopted as a final resolution of the state court proceeding a settlement under which Allison stipulated to the entry of judgment on Count II of PRP's Complaint (as amended) concerning his violations of Florida's Trade Secrets Act, ch. 688, Florida Statutes (the "Consent Judgment").

## CONCLUSIONS OF LAW

■ Federal courts are bound by the full faith and credit doctrine to give state court judgments the same preclusive effect as would courts of the state in which the judgment was rendered. *Stockton v. Lansiquot,* 838 F.2d 1545 (11th Cir.1988); 28 U.S.C.A. § 1738. This principle applies with equal force to dischargeability proceedings in bankruptcy cases, *In re Keene,* 135 B.R. 162 (Bankr.S.D.Fla.1991); *In re Heuser,* 127 B.R. 895 (Bankr.N.D.Fla.1991), and to con-

sent judgments, *Aerojet–General Corp. v. Askew,* 511 F.2d 710, 721, n. 11 (5th Cir.1975), *rehearing denied* 514 F.2d 1072, *cert. denied Metropolitan Dade County, Fla. v. Aerojet–General Corp.,* 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 *rehearing denied* 423 U.S. 1026, 96 S.Ct. 470, 46 L.Ed.2d 400. Accordingly, the state court orders and judgments before the Court herein are given preclusive effect in this proceeding.

Therefore, the question before the Court is whether either or both of the debts represented by the two state court judgments are non-dischargeable debts. That determination, in turn, rests upon application of the respective provisions of the bankruptcy code to those judgments.

### The Consent Judgment

■ Under 11 U.S.C. § 523(a)(6), a debt is excepted from discharge if it is based on a willful and malicious injury by the debtor to another entity or to its property. Herein, Allison stipulated to judgment against him for violations of Florida's Trade Secrets Act. Allison consented to entry of judgment against him on Count II of the state court Complaint, which incorporated allegations of willful and malicious conduct on Allison's part. *See* ¶ 33 of the state court Complaint.[2]

In a remarkably similar case, this Court in *In re Springer,* 85 B.R. 634 (S.D.Fla.1988) was faced with the question of:

whether a Final Judgment arising on a claim of Civil Theft/Trade Appropriation is dischargeable in bankruptcy.... [T]he dispositive question turns on whether or not such act as trade appropriation/civil theft arose on account of willful or malicious injury to a person or property.

*In re Springer,* 85 B.R. at 635. This Court held that a prior adjudication of violation of Florida's then-existing statutory provision relating to the theft of trade secrets was sufficient to establish willful and malicious injury, and that the resultant judgment debt was therefore non-dischargeable.[3] *See also In re*

2. *See also* Allison's Answer to Paragraph 4 of Adversary Complaint herein.

3. Subsequent to the Court's holding in *Springer,* Florida, along with many other states, adopted the Uniform Trade Secrets Act. Fla.Stat. ch.

688. Courts interpreting the provisions of the Uniform Trade Secrets Act have also held that its terms satisfy the definition of willful and malicious under 11 U.S.C. § 523(a)(6). *In re Alexander,* 166 B.R. 729 (Bankr.D.N.M.1993).

*Balta,* 151 B.R. 506 (Bankr.E.D.Mo.1993) (prior adjudication in Florida state court of trade secret misappropriation given preclusive effect; debt relating thereto held non-dischargeable).

Accordingly, the preclusive effect of the Consent Judgment herein establishes the willful and malicious nature of Allison's acts. Accordingly, the debt arising therefrom is not dischargeable and survives this bankruptcy.

### The Contempt Judgment

■ PRP has also argued that the Contempt Judgment should be determined non-dischargeable under 11 U.S.C. §§ 523(a)(6) or 523(a)(7).

As noted above, under 11 U.S.C. § 523(a)(6), debts are non-dischargeable where they are based upon willful and malicious injury by the debtor of another entity or its property. The Temporary Injunction prohibited Allison from performing certain affirmative acts. That is, the Temporary Injunction prohibited Allison from: "using or possessing Plaintiff's trade secrets" (¶ A(1)); contacting PRP's customers (¶¶ A(2) and (3)); competing with PRP in Southeast Florida (¶ A(2)); and retaining possession of PRP's trade secrets, whether in his possession or known by him to be in the possession of other persons (¶ A(4)).

The Contempt Judgment was entered upon a finding that Allison, in violation of the state court's Temporary Injunction, had continued to breach the non-competition covenant of his valid and enforceable written Employment Agreement with PRP. Accordingly, the Contempt Judgment found Allison, both, in contempt of court for violating the injunction, and, as a necessary prerequisite, in continuing violation of his non-competition agreement with PRP.

■ Failure to comply with court directives contained in an injunction order satisfies the definition of "willful and malicious" within 11 U.S.C. § 523(a)(6). *Phipps v. Commonwealth of Kentucky, Natural Resources and Environmental Protection Cabinet,* 1992 WL 358480, 1992 U.S.App. Lexis 32590 (6th Cir.1992), reported as Table Case at 980 F.2d 730. Additionally, Allison's continuing violation of the covenant not to compete also satisfies the definition of "willful and malicious" under 11 U.S.C. § 523(a)(6). *See e.g., In re Ketaner,* 149 B.R. 395 (Bankr.E.D.Va.1992). Accordingly, the Contempt Judgment is a non-dischargeable debt under 11 U.S.C. § 523(a)(6).

■ In the alternative, PRP has argued that the Contempt Judgment is a non-dischargeable debt under 11 U.S.C. § 523(a)(7). That provision provides that a debt is non-dischargeable "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit." By summary judgment, this Court has already found that, in accordance with extant case-law, a fine or penalty need not be *payable* to a governmental entity in order to be for the *benefit* of a governmental agency. In the case of contempt judgments, it is enough that the fine or penalty, although made payable to a party, be awarded to vindicate the dignity and authority of the court. *In re Winn,* 92 B.R. 938 (Bankr.M.D.Fla.1988); *In re Gedeon,* 31 B.R. 942 (Bankr.D.Colo.1983); *In re Marini,* 28 B.R. 262 (Bankr.E.D.N.Y.1983).

■ Herein, the Contempt Judgment was made payable to PRP and related to the attorneys' fees and costs expended by PRP in detecting, investigating and pursuing the contemptuous conduct of Allison, all in furtherance of vindicating the dignity and authority of the state court. Under Florida law, the state court properly awarded PRP its fees and costs for serving as a tacit arm of the court in upholding its dignity. *See e.g., Pollock v. T & M Investments, Inc.,* 455 So.2d 573 (Fla. 3d DCA 1984) *rev. denied* 459 So.2d 1041; *Ibis Construction Co. v. Sinclair,* 406 So.2d 510 (Fla. 3d DCA 1981). *See also* Annotation, *Allowance of Attorneys' Fees In Civil Contempt Proceedings,* 43 A.L.R.3d 793. Accordingly, the Contempt Judgment was entered, at least in part, for the benefit of a governmental entity and is, therefore, non-dischargeable.

WHEREFORE, it is ordered and adjudged as follows:

(a) The debt of Jerry L. Allison to PRP Wine International, Inc. represented by the judgment entered as a sanction for Allison's

violation of the state court's temporary injunction is non-dischargeable under 11 U.S.C. §§ 523(a)(6) and 523(a)(7) and shall survive this bankruptcy;

(b) The debt of Jerry L. Allison to PRP Wine International, Inc. represented by the consent judgment to Count II of PRP's state court Complaint relating to Allison's violation of Florida Trade Secrets Act, ch. 688, Fla. Stat., is non-dischargeable under 11 U.S.C. §§ 523(a)(6) and 523(a)(7) and shall survive this bankruptcy; and

(c) The stay of action is lifted as to Case No. 90–46013 CA 02, styled as *PRP Wine International, Inc. v. Allison, et al.,* pending in the Eleventh Judicial Circuit in and for Dade County, Florida.

### FINAL JUDGMENT

THIS CAUSE having come before the Court upon agreement of the parties for decision by the Court without trial, and the Court having previously entered its Findings of Fact and Conclusions of Law, it is thereupon

ORDERED AND ADJUDGED that:

1. The debts of Jerry L. Allison to PRP Wine International, Inc., including those listed at Items 16 and 17 of Debtor's Schedule "F", are excepted from discharge and survive this bankruptcy.

2. The stay of action is forthwith lifted from Case No. 90–46013 CA 02, styled *PRP Wine International, Inc. v. Allison, et al.,* pending in the Circuit Court of the Eleventh Judicial Circuit In and For Dade County, Florida.

3. PRP Wine International, Inc., as the prevailing party, is awarded its costs of prosecuting this action. Costs shall be taxed upon submission to the Clerk of this Court of a Bill of Costs.

DONE and ORDERED.