In re Daniel Scott DEEREY, Debtor.

DirecTV Inc., a California Corporation, Plaintiff,

v.

Daniel Scott Deerey, Defendant.

Bankruptcy No. 9:05–bk–06256–ALP.
Adversary No. 9:05–ap–00537–ALP.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

March 9, 2006.

Patricia J. Potter, Siesky, Pilon and Wood, Naples, FL, for Debtor.

### ORDER ON DIRECTV, INC.'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT I OF ADVERSARY COMPLAINT

ALEXANDER L. PASKAY, Bankruptcy Judge.

(Doc. No. 52)

THE MATTER under consideration in this Chapter 7 liquidation case is a Motion

for Summary Judgment filed by DirecTV Inc. (DirecTV) (Doc. No. 52). The Motion is directed to Count I of a multiple count Complaint filed by DirecTV against Daniel Scott Deerey (the Debtor). Specifically, the Motion is based on the contention of DirecTV that a debt owed to them should be excepted from discharge pursuant to Section 523(a)(6) of the Bankruptcy Code because the debt arose from a "willful and malicious injury". The alleged willful and malicious conduct occurred in connection with a piracy suit, which was filed prior to the commencement of the Debtor's bankruptcy. It should be noted at the outset that this Court adopts verbatim the specific facts relating to the suit that was filed against the Debtor and his brother, Arthur Joseph Deerey, Jr. in the United States District Court, Central District of California (District Court), and the findings of the District Court. Therefore, it is unnecessary to reiterate the facts set forth by this Court in its Order denying Summary Judgment in the case of Arthur Deerey.

In the California Litigation, the District Court granted DirecTV's Motion for Partial Summary Judgment against the Debtor and others based on findings set forth in its Civil Minutes.[1] On April 23, 2003, the District Court upon the Stipulation of the parties entered an Order based on the findings set forth in the Civil Minutes which found that the Debtor and others willfully violated the provisions of 47 U.S.C. § 605(e)(4).[2] Thereafter, on May 1, 2003, the Debtor consented to the entry of a money judgment in favor of DirecTV in the amount of $169,850,000.00. (Consent Judgment). In addition to granting the Money Judgment to DirecTV, the District Court also granted a Permanent Injunc-

tion prohibiting the Debtor from further manufacturing or selling the devices, which according to the District Court were primarily used for intercepting and pirating electronic signals and unlawfully decrypted DirecTV's satellite system. According to DirecTV, the findings of the District Court in the Civil Minutes established all the operative elements of a viable claim under Section 523(a)(6) of the Code and, therefore, under the doctrine of collateral estoppel the Debtor is prohibited from re-litigating the issue of willful and malicious conduct because it was already litigated in the District Court. DirecTV further contends that, based on the findings of the District Court, it is entitled to a judgment in its favor, as a matter of law, determining that the Debtor's liability based on the Consent Judgment is a non-dischargeable obligation pursuant to Section 523(a)(6) of the Code.

DirecTV's Motion is supported by the following documents, which are attached to the Declaration of Michael Rosenberger, Counsel of record for DirecTV in the California litigation: Exhibit A, Civil Minutes entered on February 12, 2003; Exhibit B, Stipulation and Order, entered on April 23, 2003; Exhibit C, Consent to Judgment and Permanent Injunction by Defendant Daniel S. Deerey, executed on May 1, 2003; Exhibit D, Judgment Re; Dan Deerey, entered on June 2, 2003. Based on these documents and the controlling law, it is the contention of DirecTV that the Debtor is barred from re-litigating the issues, and therefore, DirecTV is entitled to Summary Judgment in its favor as a matter of law.

 The doctrine of collateral estoppel or issue preclusion prevents a debtor

---

1. Plaintiff's Exhibit "A", United States District Court Central District of California, Civil Minutes—General, Case No.: CV 02–05194 PA (RCx), February 10, 2003, Page 4 of 4.

2. Plaintiff's Exhibit "C", United States District Court of Central District of California, Case No.: CV 02–05194 PA (Rcx), Stipulation and Order, Page 2.

from re-litigating issues that have already been determined in a litigation. To apply the Doctrine the record must establish the following:

(1) the issue in the prior litigation and the issue in the discharge proceeding must be identical.

(2) the bankruptcy issue must have been actually litigated in the prior proceeding.

(3) the prior determination must have been a critical and necessary part of the prior Judgment.

(4) the burden of proof in the discharge proceeding must not be significantly heavier then the burden of proof applied in the initial action.

*In re Bilzerian,* 153 F.3d 1278 (11th Cir. 1998); *Halpern v. First Georgia Bank,* 810 F.2d 1061, 1064 (11th Cir.1987); *Scarfone v. Arabian American Oil Co.,* 132 B.R. 470, 472 (Bankr.M.D.Fla.1991). It cannot be gainsaid that the Consent Judgment in California established with finality the Debtor's liability by the entry of a Consent Judgment. However, it is equally true, that the dischargeability *vel non* of the claim asserted against the Debtor in California was not litigated and could not have been litigated in the District Court by virtue of Section 523(c)(1).

This is so because a claim of non-dischargeability under 523(a)(6) is exclusively within the jurisdiction of the bankruptcy court where the case is pending. Moreover, the underlying basis for the claim asserted against the Debtor in this Court (i.e., that the liability is based on a willful and *malicious* injury to DirecTV) was not a critical and necessary part of the prior judgment. In order to establish liability under 47 U.S.C. 605(e)(4), it is not necessary to find malice. Conversely, malice is an indispensable element of a viable claim of non-dischargeability under 523(a)(6). Based on the foregoing it is evident that the doctrine of collateral estoppel does not apply and does not bar the Debtor from defending against DirecTV's claim that the Consent Judgment is a liability which is within the exception to discharge under Section 525(a)(6).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that DirecTV's Inc.'s Motion for Summary Judgment as to Count I of Adversary Complaint (Doc. No. 52) be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that Count I shall be set for trial on April 12, 2006 beginning at 11:00 a.m. at the United States Bankruptcy Courthouse, Fort Myers, Federal Building and Federal Courthouse, Room 4–117, Courtroom D, 2110 First Street, Fort Myers, Florida.

DONE AND ORDERED.