415 B.R. 601 (2008)
In re Warren C. McDOWELL, Debtor(s).
Judith Stein and David S.J. Neufeld, Plaintiff(s),
v.
Warren C. McDowell, Defendant(s).
Bankruptcy No. 07-11728-BKC-PGH. Adversary No. 07-1564-BKC-PGH-A.
United States Bankruptcy Court, S.D. Florida, West Palm Beach Division.
June 6, 2008.
*604 Heather L. Ries, Esq., Michael R. Bakst, Esq., West Palm Beach, FL, for Plaintiffs.
Brian S. Behar, Esq., Robert J. Edwards, Esq., Aventura, FL, for Defendant.

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
PAUL G. HYMAN, Chief Judge.
THIS MATTER came before the Court on January 10, 2008, upon Judith Stein's ("Mrs.Stein") and David S.J. Neufeld's (collectively, the "Plaintiffs") Motion for Summary Judgment (the "Motion"). On March 21, 2008, Warren C. McDowell (the "Debtor" or "Mr. McDowell") filed a Response in Opposition to Plaintiff's Motion for Summary Judgment (the "Response"). Plaintiffs filed their Reply to Defendant's Response in Opposition to Plaintiff's Motion For Summary Judgment on March 31, 2008.
On January 4, 2007, the Supreme Court of the State of New York, Suffolk County, (the "New York Court") in an action *605 brought by Plaintiffs (the "New York State Court Proceedings"), issued a Memorandum Decision (the "Memorandum Decision"). On February 23, 2007, the New York Court entered a corresponding Judgment and Order (the "New York Judgment") against the Debtor and in favor of the Plaintiffs. The Plaintiffs are co-executors of the Estate of Mr. Stein and are creditors of the Debtor in this bankruptcy proceeding. The Motion seeks a determination that debts owed to the Plaintiffs under the New York Judgment are nondischargeable based upon the application of collateral estoppel.

BACKGROUND
In early 1992, Kenneth F. Stein ("Mr. Stein") and Mr. McDowell formed Lone Hill Properties Inc. ("Lone Hill"), a New York Corporation, to acquire and manage certain property on Fire Island, New York.[1] Mr. Stein and Mr. McDowell were co-owners of Lone Hill, each owning 20 shares of the 40 shares issued for Lone Hill. Mr. Stein did not transfer or otherwise assign any of his shares.
In April 1992, Phillip Ammirato, then a loan officer for the Suffolk County National Bank's Loan Department, negotiated a Business Reserve Facility for Lone Hill. The business loan application initially referred to a fifty-percent split in ownership between Mr. Stein and Mr. McDowell. However, after Mr. Stein passed away, Mr. McDowell asserted that he was the sole owner of Lone Hill and that Mr. McDowell was merely a creditor of Lone Hill. Sometime in 2001 Mr. McDowell substituted false loan documents, which indicated that Mr. McDowell was the sole owner of Loan Hill, for the legitimate ones in the bank's files, in an attempt to bolster his contention that he was the sole owner of Lone Hill. Mrs. Stein and the Estate of Mr. Stein currently hold all rights, title and interest in Mr. Stein's 20 shares with all the rights of shareholders under the shareholders' agreement.

The New York Action
The Plaintiffs disputed Mr. McDowell's contention that he was the sole owner, and in 2001 instituted the New York State Court Proceedings to determine who owned the shares of Lone Hill. Among other things, Plaintiffs also asserted claims for fraud and breach of fiduciary obligation. The Plaintiffs sought compensatory damages, punitive damages, an accounting, a permanent injunction, and imposition of a constructive trust in the New York State Court Proceedings.
After a bench trial, the New York Court entered the Memorandum Decision in which it explicitly gave credence to the Plaintiffs' witnesses and evidence, finding that "the plaintiffs' version of events has been clearly established and ... it is the defendants' position that is discredited...." (Mem. Decision, at 9.) The New York Court found that the "contributions made to [Lone Hill] by Mr. Stein were far in excess of contributions made by the defendant, Mr. McDowell." (Id. at 15.)
The New York Court also found that Mr. McDowell breached his fiduciary duty to Mr. Stein by concealing his own lack of contributions toward the business in an attempt to usurp Mr. Stein's ownership interest. (Id. at 17.) Additionally, the New York Court found that Mr. McDowell excluded the rightful co-owner (the Estate of Mr. Stein and Mrs. Stein) from the use and operation of Lone Hill, while obtaining income from Lone Hill and withholding it from its rightful co-owners. (Id. at 19.)
The New York Judgment stated that it is a final judgment as to the causes of *606 action for breach of fiduciary duty and fraud, and an interlocutory judgment as to the remaining causes of action. The New York Court awarded the attorney's fees to the Plaintiffs under the English Rule[2], finding that "Mr. McDowell's actions clearly rise to the level of bad faith." (Id.) The New York Judgment awarded Plaintiffs $585,033.30, including interest, for counsel fees and disbursements, and as sanctions against the Defendant (the "Sanction Award"). In addition, the New York Court awarded punitive damages to the Plaintiffs and found that such damages were justified on the basis that Mr. McDowell "took advantage of a coowner's death to attempt to obtain the decedent's half of the business and then tendering falsified business records to support this claim." (Id. at 18.) However, the New York Judgment did not determine the amount of compensatory damages and punitive damages for breach of fiduciary duty and fraud. Instead, the New York Court appointed a referee to hear and report on any disputed amount between the parties.
On March 14, 2007, the Debtor filed for relief under Chapter 11 of the Bankruptcy Code, thereby staying the New York State Proceedings. On April 30, 2007, the Bankruptcy Court, by order of Judge Steven H. Friedman, granted the Plaintiffs relief from the automatic stay to obtain an accounting as specified in the New York Judgment, and to calculate and determine all remaining damages to be assessed against the Debtor, including compensatory and punitive damages.

The Instant Action
On July 18, 2007, the Plaintiffs filed this adversary proceeding objecting to the Debtor's discharge under 11 U.S.C. § 727 and objecting to the dischargeability of debts owed to the Plaintiffs under the New York Judgment, pursuant to 11 U.S.C. §§ 523(a)(2), (4), and (6).[3] The Plaintiffs seek summary judgment on Counts I, II, and III objecting to dischargeability, and have withdrawn the Motion as to Counts V through IX which object to the Debtor's discharge under § 727.

CONCLUSIONS OF LAW
The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (I).

A. The Summary Judgment Standard
Federal Rule of Civil Procedure 56(c), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is appropriate if the Court determines that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "An issue of fact is `material' if it is a legal element of the *607 claim under the applicable substantive law which might affect the outcome of the case." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir.1997). "In determining whether a genuine question of material fact exists, the Court must consider all evidence in the light most favorable to the non-movant." Pilkington v. United Airlines, Inc., 921 F.Supp. 740, 744 (M.D.Fla.1996). In considering a motion for summary judgment, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986), cert. denied, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987) (citing Anderson, 477 U.S. at 248, 106 S.Ct. 2505). "Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts.... If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir.1999).

B. The Doctrine of Collateral Estoppel
State court judgments are entitled to "the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." Marrese v. Am. Acad, of Orthopaedic Surgeons, 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985) (citing 28 U.S.C. § 1738). The doctrine of collateral estoppel, or issue preclusion, prevents re-litigation of issues that have been necessarily decided in a prior proceeding. Callasso v. Morton & Co., 324 F.Supp.2d 1320, 1324 (S.D.Fla.2004); DirecTV v. Deerey (In re Deerey), 343 B.R. 308, 310 (Bankr. M.D.Fla.2006). Moreover, collateral estoppel applies to state court judgments in nondischargeability proceedings in bankruptcy courts. See Grogan v. Garner, 498 U.S. 279, 287, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); Computers Auditors & Scientists, Inc. v. Feldstein, 93 B.R. 272 (Bankr. M.D.Fla.1988).
It is well settled that federal courts are to apply the collateral estoppel law of the state in which judgment was rendered. See Marrese, 470 U.S. at 380, 105 S.Ct. 1327; Tricentrol Overseas, Ltd. v. Touchstone (In re Touchstone), 149 B.R. 721, 725 (Bankr.S.D.Fla.1993). In this case, the underlying judgment was entered in New York and therefore New York's collateral estoppel laws apply.
There are two requirements for the application of collateral estoppel under New York law: (1) the identical issue must necessarily have been decided in the prior action and be decisive of the present action, and (2) the party to be precluded from relitigating the issue must have had a full and fair opportunity to litigate the issue in the prior action. Evans v. Ottimo, 469 F.3d 278, 281 (2d. Cir.2006); see also D'Arata v. N.Y. Cent. Mutual Fire Ins. Co., 76 N.Y.2d 659, 664, 563 N.Y.S.2d 24, 564 N.E.2d 634 (1990). There is no dispute that Mr. McDowell had a full and fair opportunity to litigate the issues in the New York State Court Proceedings. The remaining question is whether the issues actually litigated and determined in the New York State Court Proceedings are identical to, and decisive of, the claims of nondischargeability in the Amended Complaint. "The prior decision need not have been explicit on the point, since `if by necessary implication it is contained in that which has been explicitly decided, it will be the basis for collateral estoppel.'" BBS Norwalk One, Inc. v. Raccolta, Inc., *608 117 F.3d 674 (2d Cir.1997) (citing Norris v. Grosvenor Mktg. Ltd., 803 F.2d 1281 (2d Cir.1986)).
For the reasons stated below, the Court finds that Mr. McDowell is collaterally estopped from contesting dischargeability of the debt owed under the New York Judgment to the extent that it assesses damages for fraud, breach of fiduciary duty, and punitive damages. To the extent that the Motion seeks findings of nondischargeability of any other amounts owed under the New York Judgment, it is denied.

C. Section 523(a)(2)
Exceptions to discharge "deny relief to debts resulting from certain types of undesirable behavior such as fraud." Evans v. Ottimo, 469 F.3d at 281. Count I of the Amended Complaint alleges that the debt represented by the New York Judgment is nondischargeable under 11 U.S.C. § 523(a)(2). That section excepts from discharge any debt
(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by
(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
...
11 U.S.C. § 523(a)(2).
Plaintiffs argue in the Motion that Mr. McDowell is collaterally estopped from contesting the dischargeability of the New York Judgment based upon the findings of fraud in the Memorandum Decision. In order for collateral estoppel to apply in this case, the Court must determine whether fraud was placed in issue and actually determined by the New York Court, and whether a finding of fraud under New York law necessarily requires a finding of each element of fraud under § 523(a)(2).
Fraud under New York Law requires a showing that: (1) defendant made a representation as to a material fact; (2) such representation was false; (3) defendant intended to deceive plaintiff; (4) plaintiff believed and justifiably relied upon the statement and was induced by it to engage in a certain course of conduct; and (5) as a result of such reliance plaintiff sustained pecuniary loss. Ross v. Louise Wise Servs., Inc., 8 N.Y.3d 478, 836 N.Y.S.2d 509, 868 N.E.2d 189, 195 (2007); see also Evans v. Ottimo, 469 F.3d at 283 (reciting the elements of fraud in New York).
Likewise, the elements of a claim of fraud under § 523(a)(2) are: (1) the debtor made a false statement with the purpose and intention of deceiving the creditor; (2) the creditor relied on the false statement; (3) the creditor's reliance was justifiably founded; and (4) the creditor sustained damage as a result of the false statement. See Fuller v. Johannessen (In re Johannessen), 76 F.3d 347, 350 (11th Cir.1996). As the Court of Appeals for the Second Circuit noted in Evans v. Ottimo, the elements of fraud under New York Law are congruent with fraud under the Bankruptcy Code. 469 F.3d at 283. The Supreme Court has previously stated that in nondischargeability proceedings, where the preponderance standard governs, "a bankruptcy court could properly give collateral estoppel effect to those elements of the claim that are identical to the elements required for discharge and that were actually litigated and determined in the prior action." Grogan v. Garner, 498 U.S. 279, 284, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).
The New York Court, in the Memorandum Decision, found that McDowell falsely claimed 100% ownership of Lone Hill, that he must have been aware of the fallacy of *609 his position, and that Plaintiffs were excluded from the business, resulting in a loss of profits. The New York Court determined that Mr. McDowell's actions constituted fraud under New York law and entered judgment against Mr. McDowell and in favor of the Plaintiffs on their claim for fraud. Mr. McDowell argues in his Response that there could have been no representation made by Mr. McDowell to Stein, because the finding of fraud was based on an event that took place after the commencement of the New York Litigation. Therefore, Mr. McDowell argues, the New York Court's factual findings are insufficient to support a finding of nondischargeability under § 523(a)(2).
As stated above, the elements of fraud under New York law are identical to the elements of fraud under § 523(a)(2). In addition, it is clear from the Memorandum Decision that the New York Court found that it was the Plaintiffs, as executors of the estate of Mr. Stein, who were defrauded, and not Mr. Stein himself, who had passed away. While Mr. McDowell may disagree with the New York Court's finding of fraud, this Court is bound by its decision and Mr. McDowell is collaterally estopped from contesting liability for fraud. If Mr. McDowell now believes that the finding of fraud was erroneous, the proper remedy would be to seek reversal in the appropriate appellate court. However, the record does not indicate that Mr. McDowell sought appellate review of the decision and this Court will not second guess the independent findings by the New York Court.
The Plaintiffs seek a finding that the entire amount of the New York Judgment is nondischargeable based upon the finding of fraud. However, the New York Judgment does not award damages in one lump sum. Rather, the New York Judgment awards damages for fraud separate and apart from other damages. While the amount of damages has not yet been fixed, the New York Judgment provides in a separate paragraph that damages for fraud are to be determined by the New York Court after the determination regarding the referee's report. Therefore, to the extent that the New York Court assesses damages against Mr. McDowell for fraud,[4] that debt shall be nondischargeable under § 523(a)(2).

D. Section 523(a)(4)
Count II of the Amended Complaint alleges that the debt represented by the New York Judgment is nondischargeable under 11 U.S.C. § 523(a)(4), which excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). To determine whether a debt falls within this exception, the Court must first determine whether a fiduciary relationship existed prior to the transaction that produced the debt. Rothman v. Beeber (In re Beeber), 239 B.R. 13, 31 (Bankr.E.D.N.Y.1999). If a fiduciary relationship existed, then the Court must determine if fraud or defalcation occurred during that relationship. Id at 32.
State law determines when a fiduciary relationship exists for purposes of § 523(a)(4). Ferraro v. Phillips (In re Phillips), 185 B.R. 121, 130 (Bankr. E.D.N.Y.1995). Under New York law, a shareholder and director of a close corporation has a fiduciary duty to the other shareholders and directors sufficient to meet the standard under § 523(a)(4). Beeber, 239 B.R. at 32. The Phillips Court found that, where the plaintiff and defendant *610 were sole and equal owners of the business, each co-owner had a fiduciary responsibility to the business and to each other sufficient to meet the standard under § 523(a)(4). 185 B.R. at 129.
In this case, the New York Court found that Mr. Stein and Mr. McDowell were equal owners of Lone Hill, and that as shareholders in a close corporation the relationship between them "is akin to that between partners and imposes a high degree of fidelity and good faith." (Mem. Decision, at 17.) Therefore, as shareholders of a New York close corporation, Mr. Stein (and subsequently his estate) and Mr. McDowell owed each other a fiduciary duty sufficient for purposes of § 523(a)(4).
The Court must next determine whether there was a defalcation by Mr. McDowell while acting in a fiduciary capacity. "Defalcation" under § 523(a)(4) has been defined as a failure to produce funds entrusted to a fiduciary, and does not have to rise to the level of "fraud," "embezzlement," or "misappropriation." See Quaif v. Johnson, 4 F.3d 950, 955 (11th Cir.1993). The New York Court found that Mr. McDowell excluded the rightful co-ownerMrs. Stein and the Estate of Mr. Steinfrom the use and operation of Lone Hill, thereby obtaining income from Lone Hill and withholding it from its rightful co-owner. By withholding income, Mr. McDowell committed a defalcation. Additionally, the New York Court found that Mr. McDowell "violated his duty to Mr. Stein (and subsequently to his estate) by self-dealing," and entered judgment against Mr. McDowell for breach of his fiduciary duty. Therefore, Mr. McDowell committed a defalcation by self-dealing and by withholding income entrusted to him as a fiduciary and excluding the rightful co-owners from the business.
As with their claim under § 523(a)(2), the Plaintiffs seek a finding that the entire amount of the New York Judgment is nondischargeable based upon the New York Court's finding of breach of fiduciary duty. However, as noted above, the New York Judgment did not award damages in one lump sum. Rather, the New York Judgment awarded damages for breach of fiduciary duty separate and apart from other damages. While the amount of damages has not yet been fixed, the New York Judgment provides in a separate paragraph that damages for breach of fiduciary duty are to be determined by the New York Court after the determination regarding the referee's report. Therefore, to the extent that the New York Court assesses damages against Mr. McDowell for breach of fiduciary duty, that debt shall be nondischargeable under § 523(a)(4).

E. Section 523(a)(6)
Count III of the Amended Complaint alleges that the debt represented by the New York Judgment is nondischargeable under 11 U.S.C. § 523(a)(6), which excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). "Willful" and "malicious" are separate elements under § 523(a)(6) and in order to declare a debt nondischargeable under this provision both must be satisfied. See Artis v. West (In re West), 339 B.R. 557, 565 (Bankr.E.D.N.Y.2006)(citing Rupert v. Krautheimer (In re Krautheimer), 241 B.R. 330, 340 (Bankr.S.D.N.Y.1999)).

1. Punitive Damages
The New York Court awarded punitive damages to the Plaintiffs, finding that punitive damages are an extraordinary sanction requiring that "the wrong committed was willful and malicious, that the act complained of was morally culpable or actuated by evil and reprehensible motives. *611 ..." The New York Court further found that
Where the act complained of is willful, malicious and wanton, punitive damages are sometimes available.... Let us distill Mr. McDowell's actions to their essencehe took advantage of a co-owner's death to attempt to obtain the decedent's half of the business and then tendering falsified business records to support this claim. Applying this standard the Court finds that punitive damages are justified.
(Mem. Decision, at 18.)(internal citations omitted.)
This portion of the Memorandum Order, when read in its entirety, shows that the New York Court's award of punitive damages was based on a finding that Mr. McDowell's actions were willful, malicious, and wanton, not merely "morally culpable" or "actuated by evil and reprehensible motives," as Mr. McDowell argues in the Response.
On the causes of action for breach of fiduciary duty and for fraud, the New York Court awarded "compensatory damages and punitive damages to be determined by the [New York] Court after the determination regarding the referee's report." (New York Judgment, at 8-9.) Nowhere else in the New York Judgment did the New York Court assess punitive damages. This is significant because it shows that the New York Court found that Mr. McDowell's actions in breaching his fiduciary duty and committing fraud, were willful and malicious, justifying punitive damages. As a result, to the extent that the New York Court awards damages for fraud and damages for breach of fiduciary duty, those amounts are also nondischargeable under § 523(a)(6). Additionally, the New York Court's award of punitive damages for willful and malicious conduct by Mr. McDowell shall be nondischargeable under § 523(a)(6).

2. The Sanction Award
Plaintiffs also argue in the Motion that the Sanction Award is nondischargeable under § 523(a)(6). Relying on PRP Wine Int'l v. Allison (In re Allison), 176 B.R. 60 (Bankr.S.D.Fla.1994), Plaintiffs argue that where a debtor is sanctioned for misconduct in state court, that sanction is nondischargeable. In Allison the court found that a contempt judgment entered by the state court for violating a preliminary injunction was nondischargeable under § 523(a)(6). While the New York Court awarded sanctions in this case, it did not state that the Sanction Award was for a violation of an injunction as in Allison. Rather, the New York Court granted the request for attorney's fees and sanctions finding that "Mr. McDowell's actions clearly rise to the level of bad faith." (Mem. Decision, at 17). The Memorandum Decision does not, however, make specific factual findings regarding which of Mr. McDowell's actions constituted bad faith. Because § 523(a)(6) requires a finding that the Debtor acted both willfully and maliciously, "bad faith" alone does not meet the "willful and malicious" standard. The Memorandum Decision contains insufficient factual findings regarding the Sanction Award to find that it is a debt for willful and malicious conduct. Therefore, the Motion is denied to the extent that it seeks a finding that the Sanction Award is nondischargeable under § 523(a)(6).

3. Violation of the Preliminary Injunction
Plaintiffs also argue that the New York Judgment is nondischargeable under § 523(a)(6) based on the New York Court's finding that Mr. McDowell violated a preliminary injunction. "Failure to comply *612 with court directives contained in an injunction and order satisfies the definition of `willful and malicious' within 11 U.S.C. § 523(a)(6)." PRP Wine Int'l, Inc. v. Allison (In re Allison), 176 B.R. 60, 64 (Bankr.S.D.Fla.1994). In granting the Plaintiffs' request for a permanent injunction, the New York Court found that "[t]he evidence was essentially uncontroverted on the question of the current use of the property in violation of the preliminary injunction granted on January 2, 2002." (Mem. Decision, at 21.) Accordingly, to the extent that the New York Court awards damages for violation of the preliminary injunction, that debt will be nondischargeable under § 523(a)(6).

CONCLUSION
The Debtor is collaterally estopped from contesting the findings and conclusions of the New York Court in the Memorandum Decision. Based upon the findings by the New York Court contained in the Memorandum Decision and New York Judgment, the Court grants the Plaintiffs' Motion and finds that the debt identified by the New York Judgment is nondischargeable under 11 U.S.C. § 523(a)(2), (4), and (6), to the extent that it awards compensatory damages and punitive damages for fraud, breach of fiduciary duty, and violation of the preliminary injunction. The Motion is denied to the extent that it seeks a finding of nondischargeability for any other debts owed under the New York Judgment.

ORDER
The Court having considered the submissions of the parties and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that:
1. The Motion is GRANTED to the extent provided herein.
2. Judgment is awarded in favor of the Plaintiffs on Counts I, II, and III of the Amended Complaint, to the extent that it seeks a finding that the debt identified by the New York Judgment for fraud, breach of fiduciary duty, punitive damages, and violation of the preliminary injunction is nondischargeable.
3. The Debtor's discharge of the debt for fraud, breach of fiduciary duty, punitive damages, and violation of the preliminary injunction under the New York Judgment is DENIED.
4. The Motion is DENIED to the extent that it seeks a finding of nondischargeability for debts other than damages for fraud, breach of fiduciary duty, punitive damages, and violation of the preliminary injunction.
5. Pursuant to Federal Rule of Bankruptcy Procedure 9021, a separate final judgment shall be entered by the Court contemporaneously herewith.
NOTES
[1] All facts are taken from the Memorandum Decision and New York Judgment.
[2] As the New York Court noted, the English Rule is imposed on a party who fails to prevail in a lawsuit if there is express statutory authority, a contractual provision calling for the Rule, or it can be shown that the party has acted in bad faith, vexatiously, wantonly or for oppressive reasons.
[3] The Court previously dismissed count IV of the Amended Complaint objecting to dischargeability under § 523(a)(7). (C.P. no. 80.)
[4] As previously noted, the Bankruptcy Court, by Order of Judge Friedman, granted Plaintiffs relief from stay to calculate the remaining damages in New York Court.