*280
 
 B.D. PARKER, JR., Circuit Judge:
 

 Richard and Joyce Ottimo (the “Otti-mos”), debtors in bankruptcy, appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, /.), which barred them from relitigating in bankruptcy court the fraudulent nature of debts owed to Appel-lee Phillip Evans, one of their creditors. In prior New York state court proceedings, the court, following a default judgment and an inquest, found the Ottimos to have committed fraud and imposed substantial compensatory and punitive damages. The district court, reversing an order of the United States Bankruptcy Court for the Eastern District of New York (Cy-ganowski, /.), held that collateral estoppel barred them from relitigating in bankruptcy court the issue of whether the debt was nondischargeable under § 523(a) of the Bankruptcy Code. Because we conclude that the Ottimos were afforded a fair opportunity to litigate the issue of fraud and because the state court necessarily decided the issue, we affirm.
 

 Background
 

 In April 1997, Evans sued the Ottimos and two companies they controlled, J-Ran Carriers, Inc. and J-Ran Transportation, Inc., in the Supreme Court, State of New York, County of Suffolk, on a variety of causes of action, including breach of contract and fraud. Evans’ suit arose from various business transactions involving him, the Ottimos, and J-Ran Carriers, Inc. It is not disputed that the Ottimos were properly served in the state court action and, in fact, met with Evans regarding a possible settlement of the law suit. The Ottimos defaulted, and in December 1997, the state court held an inquest, which the Ottimos again elected not to attend. At the proceeding, the court received testimony from Evans concerning his dealings with the Ottimos and examined evidence, including copies of numerous cancelled checks. The evidence established that the Ottimos, in their capacities as the principle executive officers of J-Ran Carriers, Inc., over a number of months improperly diverted hundreds of thousands of dollars through the use of a secret account and checks signed by them and made payable to a check cashing company.
 

 At the conclusion of the proceeding, the state court found that the Ottimos had committed fraud. Specifically, the court found that there had been “a very definite element of fraud and deceit in this matter.” The court awarded Evans approximately $350,000 in compensatory damages, imposed punitive damages of approximately $50,000, and entered judgment against the Ottimos. Prior to the proceeding in bankruptcy court, the Ottimos never appealed or otherwise attempted to contest the state court’s judgment.
 

 In 2002, five years after the entry of the default judgment, the Ottimos filed a Chapter 7 bankruptcy petition. Evans then commenced an adversary proceeding and moved for summary judgment. He contended that the state court’s judgment, grounded in a finding of fraud and an award of punitive damages, collaterally es-topped the Ottimos from relitigating whether their debt was based on fraud and, consequently, was nondischargeable under 11 U.S.C. § 523(a).
 
 [1]
 
 The bankrupt
 
 *281
 
 cy court denied the motion, concluding that “collateral estoppel cannot be applied in instances such as this, where the prior judgment obtained in the non-bankruptcy action was obtained by default.”
 

 Evans appealed to the district court, which reversed. The district court concluded that, for collateral estoppel to apply, the issue of fraud need not have been actually litigated and that the Ottimos needed only to have been afforded — and were afforded — the opportunity to litigate the issue. This appeal followed.
 

 Discussion
 

 Review of an order of a district court acting in its capacity as an appellate court in a bankruptcy proceeding is plenary.
 
 In re DeTrano,
 
 326 F.3d 319, 320 (2d Cir.2003) (internal citations omitted). Thus, we review the bankruptcy court’s factual determinations and legal conclusions independently. “The bankruptcy court’s findings of fact are reviewed for clear error, and its conclusions of law are reviewed
 
 de novo.
 
 ”
 
 Id.
 

 In order to give “honest but unfortunate” debtors a fresh start, the Bankruptcy Code discharges preexisting debts.
 
 Cohen v. de la Cruz,
 
 523 U.S. 213, 217, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998). However, the fresh start policy does not apply to all debts and debtors, and numerous Code provisions establish limitations on discharge. These exceptions deny relief to debts resulting from certain types of undesirable behavior such as fraud.
 
 See
 
 11 U.S.C. § 523(a)(2).
 

 It is well settled that preclusion principles apply in bankruptcy proceedings. In
 
 Grogan v. Garner,
 
 the Supreme Court held that where a judgment entailed proof of fraud, the debtor was estopped in a subsequent nondischargeability proceeding from relitigating whether the underlying debt was obtained by fraud. 498 U.S. 279, 285-91, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Similarly, we have held that “[wjhere the debt in question is a judgment entered after a claim of fraud has been adjudicated, either party to a subsequent adversary proceeding on nondis-chargeability can invoke collateral estoppel to establish that the debt is or is not dischargeable under the relevant nondis-chargeability provision.”
 
 In re DeTrano,
 
 326 F.3d at 322 (internal citations omitted).
 

 We apply the preclusion law of New York.
 
 See Marrese v. Am. Acad. of Orthopaedic Surgeons,
 
 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action.
 
 Kaufman v. Eli Lilly & Co.,
 
 65 N.Y.2d 449, 455-56, 492 N.Y.S.2d 584, 482 N.E.2d 63 (1985) (citations omitted);
 
 see also Khandhar v. Elfenbein,
 
 943 F.2d 244, 247 (2d Cir.1991). “The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues ... whereas the party attempting to defeat its application has the burden of establishing the absence
 
 *282
 
 of a full and fair opportunity to litigate the issue.”
 
 Kaufman,
 
 65 N.Y.2d at 456, 492 N.Y.S.2d 584, 482 N.E.2d 63 (citations omitted). Applying these principles, we conclude that the state court’s default judgment, grounded in a finding of fraud and imposing punitive damages, bars reliti-gation in bankruptcy court of the fraudulent character of the debt.
 

 A. Full and Fair Opportunity to Litigate
 

 We first consider whether a litigant must have answered the complaint or actually appeared in the proceeding in order to have been afforded the requisite “full and fair opportunity” to litigate the issue.
 
 Khandhar,
 
 943 F.2d at 247 (citing
 
 Kaufman,
 
 65 N.Y.2d at 455, 492 N.Y.S.2d 584, 482 N.E.2d 63). The Ottimos do not dispute that they were properly served in state court and afforded the opportunity to contest Evans’ allegations of fraud, but then failed to answer the complaint, participate in the inquest, or appeal the judgment directly.
 

 As we stated in
 
 Kelleran v. An-drijevic,
 
 “[i]n New York, when a party defaults by failure to answer ... the defaulting litigant may not further contest the liability issues.” 825 F.2d 692, 694 (2d Cir.1987) (citing
 
 Amusement Bus. Underwriters v. Am. Int’l Grp.,
 
 66 N.Y.2d 878, 498 N.Y.S.2d 760, 489 N.E.2d 729 (1985)). In
 
 Kelleran,
 
 after the defendant failed to answer counterclaims and the state court entered a default judgment, the defendant commenced a bankruptcy proceeding and attempted to relitigate the issue of liability.
 
 Id.
 
 at 694. We held that the “bankruptcy court[] was bound to the liability determination in the state [default] judgment unless an exception existed,” such as “where the judgment was procured by collusion or fraud, or where the rendering court lacked jurisdiction.”
 
 Id.
 
 (internal citation omitted). “Bankruptcy proceedings may not be used to re-litigate issues already resolved in a court of competent jurisdiction.”
 
 Id.
 
 at 695. Therefore, we conclude that, for the purposes of applying collateral estoppel, the Ottimos were afforded a full and fair opportunity to litigate the issue of fraud in state court.
 

 B. Identical to an Issue Necessarily Decided and Decisive of the Present Action
 

 The more difficult question is whether the issue of fraud under § 523(a) of the Bankruptcy Code was identical to an issue that necessarily was decided by the state court.
 
 See Kaufman,
 
 65 N.Y.2d at 455, 492 N.Y.S.2d 584, 482 N.E.2d 63;
 
 Grogan,
 
 498 U.S. at 284-85, 111 S.Ct. 654;
 
 Metromedia Co. v. Fugazy,
 
 983 F.2d 350, 365 (2d Cir.1992). Generally, under New York law, “collateral estoppel effect will only be given to matters actually litigated and determined in a prior action,” because “[i]f an issue has not been litigated, there is no identity of issues.”
 
 Kaufman,
 
 65 N.Y.2d at 456, 492 N.Y.S.2d 584, 482 N.E.2d 63 (citations omitted) (noting in dicta that an issue is not actually litigated if there has been a default);
 
 see also D'Arata v. N.Y. Cent. Mut. Fire Ins. Co.,
 
 76 N.Y.2d 659, 666-67, 563 N.Y.S.2d 24, 564 N.E.2d 634 (1990). “[F]or a question to have been actually litigated so as to satisfy the identity requirement, it must have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding.”
 
 D’Arata,
 
 76 N.Y.2d at 667, 563 N.Y.S.2d 24, 564 N.E.2d 634 (citing
 
 Matter of Halyalkar v. Bd. of Regents of N.Y.S.,
 
 72 N.Y.2d 261, 267, 532 N.Y.S.2d 85, 527 N.E.2d 1222 (1988)) (internal quotation marks omitted). We must determine, therefore, whether fraud was placed in issue and actually determined in state court, and whether the elements of fraud under New York law are identical to the elements of fraud under the Bankruptcy Code § 523(a).
 

 
 *283
 
 Based on a complaint that alleged fraud and following an inquest at which Evans testified and offered evidence of the Ottimos fraudulent conduct, the state court (1) explicitly concluded that “there’s been a very definite element of fraud and deceit in this matter;” (2) imposed punitive damages; and (3) entered judgment against the Ottimos. The elements of fraud in New York include: a false representation of material fact, knowledge by the party who made the representation that it was false when made, justifiable reliance by the plaintiff, and resulting injury.
 
 See, e.g., Channel Master Corp. v. Aluminum Ltd. Sales,
 
 4 N.Y.2d 403, 406-407, 176 N.Y.S.2d 259, 151 N.E.2d 833 (1958). The elements of actual fraud under Bankruptcy Code incorporate the general common law of torts and likewise include a false representation, scienter, reliance, and harm.
 
 See
 
 Restatement (Second) of Torts § 525;
 
 Field v. Mans,
 
 516 U.S. 59, 70 n. 9, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995) (stating that the terms of the Bankruptcy Code’s fraud exception to discharge are to be construed to incorporate the general common law of torts, under the dominant consensus of common law jurisdictions, rather than under the law of any particular state). In addition, punitive damages, like those imposed by the state court here, are allowed under New York law “in [] fraud and deceit case[s] where the defendant’s conduct evinced a high degree of moral turpitude and demonstrated such wanton dishonesty as to imply a criminal indifference to civil obligations.”
 
 Walker v. Sheldon,
 
 10 N.Y.2d 401, 405, 223 N.Y.S.2d 488, 179 N.E.2d 497 (1961) (citations omitted);
 
 see also Rocanova v. Equitable Life Assurance Soc’y of the U.S.,
 
 83 N.Y.2d 603, 613, 612 N.Y.S.2d 339, 634 N.E.2d 940 (1994).
 

 Fraud was also proven to a higher burden in the state court action than would be required to show nondis-chargeability in bankruptcy court. Under New York law, fraud must be established by clear and convincing evidence.
 
 Rudman v. Cowles Commc’ns, Inc.,
 
 30 N.Y.2d 1, 10, 330 N.Y.S.2d 33, 280 N.E.2d 867 (1972). In contrast, under § 523(a), fraud need only be established by a preponderance of the evidence.
 
 In re Furio,
 
 77 F.3d 622, 624 (2d Cir.1996) (citing
 
 Grogan,
 
 498 U.S. at 286-87, 111 S.Ct. 654). Where, as here, a state court’s determination of fraud — involving elements congruent with fraud under bankruptcy law — is established by a stricter standard, the considerations in favor of applying collateral estop-pel are greatly enhanced.
 
 See Grogan,
 
 498 U.S. at 284-85, 111 S.Ct. 654.
 

 Because the state court’s entry of a default judgment, grounded in a finding of actual fraud and imposing punitive damages, resolved all issues necessary to establish nondischargeability under § 523(a)(2), it is decisive of the present action.
 
 [2]
 

 See Curry v. City of Syracuse,
 
 316 F.3d 324, 331-32 (2d Cir.2003) (stating that “an issue is ‘decisive in the present action’ if it would prove or disprove, without more, an essential element of any of the claims set forth in the complaint”). As a result, collateral estoppel applies.
 

 Conclusion
 

 For the foregoing reasons, we AFFIRM the district court’s grant of summary judgment.
 

 [1]
 

 . 11 U.S.C. § 523(a) provides, in relevant part: A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt — (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
 

 (A) false pretenses, a false representation, or actual fraud, other than a statement re
 
 *281
 
 specting the debtor’s or an insider’s financial condition;
 

 (B) use of a statement in writing — (i) that is materially false; ...
 

 (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; ...
 

 (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;....
 

 [2]
 

 . Because the Ottimos' debt is nondischargeable under § 523(a)(2), we need not reach the additional elements of §§ 523(a)(4) and (a)(6).