12-4356-bk
Giminiani v. Cesar

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand thirteen.

PRESENT:  REENA RAGGI,
          GERARD E. LYNCH,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.
----------------------------------------------------------------------
DAVID GIMINIANI,
          *Appellant*,

          v.                                    No. 12-4356-bk

MICHAEL CESAR,
          *Appellee*.
----------------------------------------------------------------------

APPEARING FOR APPELLANT:   ROBERT J. ROCK, Tully Rinckey PLLC, Albany, New York.

APPEARING FOR APPELLEE:    MICHAEL E. BASILE, Higgins, Roberts & Suprunowicz, P.C., Niskayuna, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*; Robert E. Littlefield, *Bankruptcy Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 25, 2012, is AFFIRMED.

David Giminiani appeals from an order of the district court (1) affirming the bankruptcy court's dismissal of his complaint seeking to hold his claim of fraud against Michael Cesar non-dischargeable under 11 U.S.C. § 523(a)(2)(A), and (2) identifying no error in the bankruptcy court's preclusion of trial testimony or in its admission of testimony from a previously undisclosed witness. We review a bankruptcy court's findings of fact for clear error, Evans v. Ottimo, 469 F.3d 278, 281 (2d Cir. 2006), its conclusions of law de novo, id., and its discovery rulings for abuse of discretion, In re DG Acquisition Corp., 151 F.3d 75, 79 (2d Cir. 1998). We assume the parties' familiarity with the underlying facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Preclusion of Testimony of Expert and Undisclosed Witness

Giminiani argues that the bankruptcy court abused its discretion in refusing to allow the testimony of his expert witness, identified after the deadline set forth in the scheduling order, because any prejudice to Cesar from the late disclosure could have been cured by granting an adjournment or continuance of the trial.[1] We are not persuaded. The bankruptcy court's action was not improvident given that Giminiani was aware of the

---

[1] Cesar argues that because Giminiani did not make an offer of proof regarding the expert's testimony at trial, we should review the bankruptcy court's ruling for plain error. See Fed. R. Evid. 103. We need not reach this issue because we find that Giminiani cannot meet his burden even under the abuse of discretion standard.

2

deadlines and the procedure for obtaining extensions, and his untimely disclosure was not accompanied by the requisite report and list of witness qualifications.  See Fed. R. Civ. P. 26(a)(2).  Further, Giminiani has not identified how his substantial rights were prejudiced by the exclusion.  See Wills v. Amerada Hess Corp., 379 F.3d 32, 51 (2d Cir. 2004) (Sotomayor, J.) (identifying no abuse where district court excluded experts identified after scheduling deadline and without requisite reports in violation of Fed. R. Civ. P. 26, and where plaintiff failed to show that exclusion prejudiced substantial rights).

In urging otherwise, Giminiani asserts that the bankruptcy court inconsistently permitted Cesar to call a previously unidentified witness, Kevin Kryskowski, whom the court mistakenly thought had been previously deposed.  The circumstances are insufficiently similar to indicate arbitrariness suggesting abuse of discretion.  Permitting Giminiani's witness to testify would have required a trial adjournment to allow for submission of an expert report, but Kryskowski was a lay witness who was present in court, having just testified during Giminiani's own case.  Moreover, we need not speculate as to whether the bankruptcy court would have excluded Kryskowski's testimony if it had known that the witness had not previously been deposed, because Giminiani does not argue that he was prejudiced by admission of the testimony.

2. Dismissal of Giminiani's Claim that Debt was Non-Dischargeable

Giminiani argues that the debt arising from his purchase of Acme Press, Inc. ("Acme"), was non-dischargeable because Cesar fraudulently induced Giminiani to close that deal through affirmative misrepresentations and material omissions about a 30%

3

decline in sales occurring after the parties entered into a purchase agreement.  See 11

U.S.C. § 523(a)(2)(A) (stating that debt is not dischargeable if was obtained by "false

pretenses, a false representation, or actual fraud").[2]  To warrant an exception from

discharge, a creditor must prove each statutorily enumerated element of fraud by a

preponderance of the evidence.  See Grogan v. Garner, 498 U.S. 279, 286–87 (1991);

accord In re Furio, 77 F.3d 622, 624 (2d Cir. 1996).  These include "false representation,

scienter, reliance, and harm."  Evans v. Ottimo, 469 F.3d at 283 (citing Field v. Mans, 516

U.S. 59, 70 n.9 (1995)).  Like the district court, we conclude that the bankruptcy court did

not err in finding that Giminiani failed to carry this burden.

Giminiani submits that the Acme books and records that he reviewed before

entering into the Purchase Agreement were indisputably fraudulent in light of Cesar's

testimony that he sometimes altered sales tax returns.  Viewing the record in its totality,

however, Cesar's testimony that he sometimes lowered sales numbers on his tax returns

does not compel the conclusion that the financial information provided was generally

misleading in a way that Giminiani relied on to his detriment.  Accordingly, we cannot

identify clear error in the bankruptcy court's factual determination that the evidence failed

to show a material false statement.

---

[2] Because we identify no error in the bankruptcy court's conclusion that the alleged
misrepresentations did not satisfy the elements of fraud under the Bankruptcy Code, we
need not address whether the misrepresentations involved Cesar's "financial condition,"
which would have to be in writing to be non-dischargeable.  11 U.S.C. § 523(a)(2)(B).

4

Equally meritless is Giminiani's contention that Cesar fraudulently induced him to go through with the closing by telling him, through Kryskowski, that "business was booming and that it's too bad we hadn't already had the closing because . . . he could be there making good money." April 26, 2010 Tr. at 54. See In re Bonnanzio, 91 F.3d 296, 301 (2d Cir. 1996) (holding that bankruptcy court's determination regarding whether false statement was made with intent to deceive is finding of fact reviewed for clear error). The record indicates that Giminiani was obligated to go through with the closing regardless of how the business was performing, and in fact had decided to proceed with the closing despite Cesar's inability to provide interim financial statements. Thus, under the circumstances in this case, the bankruptcy court's finding that Giminiani failed to prove the necessary intent to deceive is not clearly erroneous. See In re Furio, 77 F.3d at 625 ("[A] finding of intent to deceive may be inferred from certain evidence, but is not compelled whenever a creditor presents circumstantial evidence of such an intent; whether to infer the requisite intent is left to the bankruptcy court that presides over the case." (alterations and internal quotation marks omitted)).

Finally, Giminiani argues that Cesar engaged in actual fraud by concealing the decline in Acme's financial condition prior to closing. The district and bankruptcy courts held that this argument was collaterally estopped by a New York State Supreme Court decision, Giminiani v. Cesar, No. 8315-07 (N.Y. Sup. Ct. Jan. 30, 2008), holding that Giminiani had failed to state a fraud claim against Cesar on this ground. Giminiani asserted no error in the bankruptcy court's application of collateral estoppel either in his

5

brief to the district court, or in his brief to this court, and thus has forfeited such argument. See Otal Invs. Ltd. v. M/V Clary, 673 F.3d 108, 120 (2d Cir. 2012) (declining to consider arguments not raised in district court in light of "well-established general rule" that court of appeals will not consider issue raised for first time on appeal); In re Prudential Lines, Inc., 533 F.3d 151, 161 (2d Cir. 2008) (considering challenge to bankruptcy court decision not raised before district court waived on appeal). Although forfeiture may be excused where "manifest injustice" would otherwise result, circumstances normally militate against our exercise of that discretion where a party offers no reason for its failure to raise arguments available to it below. See In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 133 (2d Cir. 2008). Giminiani fails to identify a reason for not challenging the application of collateral estoppel before the district court, and his failure even to note the district and bankruptcy courts' collateral estoppel holdings on appeal—let alone to challenge those holdings—is inexcusable. Accordingly, we affirm the bankruptcy court's dismissal.

3. Conclusion

We have considered Giminiani's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6