12-3515-bk, 12-3618-bk, 12-3901-bk
In re Indu Craft

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 10th day of October, two thousand fourteen.

Present:        ROSEMARY S. POOLER,
                REENA RAGGI,
                PETER W. HALL,
                        *Circuit Judges*.

_____

IN THE MATTER OF:  INDU CRAFT INC.,

        Debtor.

--------------------------------------------------------------------

TRENDI SPORTSWEAR, INC.,
                        *Appellant*,

            v.                                          No. 12-3515-bk

BANK OF BARODA,
                        *Appellee*.
-----------------------------
INDU CRAFT INC.,
                        *Appellant*,

            v.                                          No. 12-3618-bk

BANK OF BARODA,

                        *Appellee*.
-----------------------------

TZE WUNG CONSULTANTS, LTD.,

        *Appellant*,

   v.                                   No. 12-3901-bk

BANK OF BARODA,

        *Appellee.*

_____

| | |
|---|---|
| Appearing for Appellants: | Krishnan Chittur, Chittur & Associates, P.C., New York, N.Y., *for Trendi Sportswear, Inc.* |
| | John D'Ercole, Robinson Brog Leinwand Greene Genovese & Gluck, P.C. (Felicia Ennis, Jonathan W. Rich, *on the brief*) New York, N.Y., *for Indu Craft Inc.* |
| | Joel Lewittes, New York, N.Y., *for Tze Wung Consultants, Ltd.* |
| Appearing for Appellee: | William J. Hanson, Seyfarth Shaw LLP, (Richard S. Miller, Brian D. Kossed K&L Gates LLP, New York, N.Y. *on the brief*), Boston, MA. |

Appeal from the United States District Court for the Southern District of New York, (Furman, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Indu Craft Inc., Tze Wung Consultants Ltd., and Trendi Sportswear, Inc. appeal from the July 27, 2012 decision of the United States District Court for the Southern District of New York (Furman, *J.*) affirming the order of the United States Bankruptcy Court (Drain, *B.J.*) that denied appellants' motion to modify Indu Craft's Second Amended Plan of Reorganization (the "Plan"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The district court below concluded that it need not address the issue of whether the Bank of Baroda has standing to participate, finding that "whether or not the Bank has standing, the Bankruptcy Court had an independent authority, if not obligation, to examine Appellants' motions, *see* 11 U.S.C. § 105(a), and this Court has jurisdiction to review the Bankruptcy Court's final orders on appeal, *see* 28 U.S.C. § 158(a)(1)." *In re Indu Craft*, Nos. 11 Civ. 5996 (JMF), 11 Civ. 6303 (JMF), 11 Civ. 6304 (JMF), 2012 WL 3070387, at *9 (S.D.N.Y. July 27, 2012). Appellants renew the challenge to Bank of Baroda's standing on appeal. *See In re Teligent, Inc.*, 417 B.R. 197, 210–11 (Bankr. S.D.N.Y. 2009) ("[A] person whose only interest is as a party defendant has no pecuniary interest in a court order authorizing the suit against that appellant and

*no standing to appeal that order.*" (emphasis added)) , *aff'd*, No. 09 Civ. 09674 (PKC), 2010 WL 2034509 (S.D.N.Y. May 13, 2010), *aff'd*, 640 F.3d 53 (2d Cir. 2011). Bank of Baroda's singular role before the district court and this Court has been that of appellee. It has not itself appealed any order. Thus, it is not apparent that its standing is an issue. We do not pursue the matter, however, because given Bank of Baroda's equitable interest in the outcome of this case, we sua sponte grant Bank of Baroda status as amicus curiae in each of the appeals, and consider the arguments it presented to this Court. *See, e.g.*, *NML Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230, 240 (2d Cir. 2013) (allowing parties to proceed as amici curiae so that their arguments might be considered by the court).

Preclusion applies in bankruptcy matters. *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006). As to both res judicata and collateral estoppel, the preclusive effects of a final judgment are not "altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *see also Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152 (2009) (once confirmation orders became final, they became res judicata to "parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." (citation and internal quotation marks omitted).

We affirm for substantially the reasons set forth in the district court's thorough and well-reasoned opinion. We note that any modification of the Plan was barred by Section 1127(b) of the Bankruptcy Code because, as the courts below found, the Plan was "substantially consummated." "'It is just as important that there should be a place to end as that there should be a place to begin litigation.'" *Travelers Indem.*, 557 U.S. at 154 (quoting *Stoll v. Gottlieb*, 305 U.S. 165, 172 (1938)). We agree with the district court that "in this case, the place to end the litigation has come and gone." *In re Indu Craft*, 2012 WL 3070387, at *2.

We have considered the remainder of appellants' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. The motion to strike pending in No. 12-3515-bk is DISMISSED as moot. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3