Cummings v. The City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER').   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand twenty-two.

PRESENT:
>> AMALYA L. KEARSE,
>> DENNIS JACOBS,
>> WILLIAM J. NARDINI,
>> *Circuit Judges.*

_____

PATRICIA CUMMINGS,

>> *Plaintiff-Appellant*,

>> v.                                                                                           21-1380

THE CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF EDUCATION; GIULIA COX;
COURTNEY WARE; BEN CHAPMAN; NEW
YORK DAILY NEWS; DR. ANDRE PERRY;
THE HECHINGER REPORT a/k/a HECHINGER
INSTITUTE ON EDUCATION AND THE
MEDIA; LENARD LARRY McKELVEY a/k/a
CHARLAMAGNE THA GOD; NEW YORK
STATE SENATOR KEVIN S. PARKER;
COALITION OF EDUCATIONAL JUSTICE;
ANGEL MARTINEZ; NATASHA CAPERS;
PHILIP SCOTT; ADVISE MEDIA NETWORK
n/k/a AFRICAN DIASPORA NEWS; JOHN DOE
AND JANE DOE #1-100 said names being

fictitious,

                          *Defendants-Appellees*,


WWPR-FM (105.1 MHZ); iHEARTMEDIA;
CLEAR CHANNEL COMMUNICATIONS, INC.,

                          *Defendants*.[1]

_____


FOR PLAINTIFF-APPELLANT:           PATRICIA CUMMINGS, *pro se*,
                                   Bohemia, NY.


FOR DEFENDANTS-APPELLEES:           BENJAMIN H. POLLAK, MacKenzie
                                   Fillow, of Counsel, for Georgia M.
                                   Pestana, Corporation Counsel of the
                                   City of New York, New York City
                                   Law Department, New York, NY,
                                   *for* Municipal Appellees.

                                   JOSEPH C. LAWLOR, Richard D.
                                   Rochford, Haynes and Boone, LLP,
                                   New York, N.Y., *for* Dr. Andre
                                   Perry and the Hechinger Report,
                                   AKA Hechinger Institute of
                                   Education and the Media.

                                   MICHAEL J. GRYGIEL, Cynthia E.
                                   Neidl, Greenberg Traurig, LLP,
                                   Albany, NY, *for* Lenard Larry
                                   McKelvey, AKA Charlamagne Tha
                                   God.

                                   MATTHEW A. LEISH, Miller Korzenik
                                   Sommers Rayman LLP, New York,
                                   NY, *for* Daily News, L.P. and Ben
                                   Chapman.


    Appeal from an order of the United States District Court for the Southern District of New
York (Colleen McMahon, *Judge*).

_____

[1] The clerk is directed to amend the caption as set forth above.

2

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order is **AFFIRMED**.

Appellant Patricia Cummings, who was represented by counsel throughout the proceedings in the district court, appeals *pro se* from the April 28, 2021, order of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*), denying reconsideration of its March 26, 2021, order dismissing Cummings's complaint against most of the defendants and dismissing the remaining claims raised in Cummings's amended complaint. *See* Fed. R. App. P. 4(a)(7)(A)(ii). The amended complaint raised, among other things, claims for violations of due process, equal protection/reverse discrimination, defamation, fraud/misconduct, negligence, and claims under 42 U.S.C. § 1983. We assume the parties' familiarity with the record.

As an initial matter, Cummings moves to strike a brief filed by the New York City Department of Education, Giulia Cox, Courtney Ware, and the City of New York who were not originally designated as "Defendants-Appellees." Those defendants cross-move for clarification as to whether they are parties to the appeal. We deny Cummings's motion and grant the moving defendants' cross-motion. Cummings's appeal from the denial of her timely motion for reconsideration sufficed to bring up for review the underlying judgment. *See, e.g.*, Fed. R. App. P. 4(a)(4)(A)(iv) (a timely motion under Fed. R. Civ. P. 59 to alter or amend the judgment delays the time to appeal from the final judgment). The scope of Cummings's notice of appeal includes the district court order dismissing Cummings's claims against the moving defendants. *See Anobile v. Pelligrino*, 303 F.3d 107, 115 (2d Cir. 2002) ("Generally, absent prejudice to the appellees, this Court interprets an appeal from a specific order disposing of the case as an appeal from the final judgment, which incorporates all previous interlocutory judgments in that case and permits their review on appeal."). Accordingly, all of the defendants (other than WWPR-FM, iHeartMedia, and Clear Channel Communications, who are no longer being pursued because they are in bankruptcy proceedings) are appellees, as reflected in the caption on this order. *See also* Note 1, *supra*.

We review de novo a district court's Fed. R. Civ. P. 12(b)(6) dismissal for failure to state a claim, and we review a denial of a Fed. R. Civ. P. 59(e) motion for reconsideration for abuse of discretion. *Green v. Dep't of Educ.*, 16 F.4th 1070, 1076 (2d Cir. 2021) (Rule 12(b)(6)); *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (Rule 59(e)).

Cummings asserted claims against Defendants-Appellees The Hechinger Report, Dr. Andre Perry, Advise Media Network, Philip Scott, Kevin S. Parker, the Coalition of Educational Justice, Natasha Capers, and Angel Martinez, but Cummings has waived these claims by failing to address the "substance of the district court's ruling" as to those Defendants-Appellees. *See Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013). Additionally, Cummings's brief does not address her claims for breach of contract, violation of 42 U.S.C. § 1985, negligent infliction of emotional distress, intentional infliction of emotional distress, false light, or her claims under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Therefore, Cummings has abandoned those claims. *See Green*, 16 F.4th at 1074. Although Cummings's reply brief addresses her claims against The Hechinger Report and Dr. Andre Perry,

we generally do not consider arguments raised for the first time in a reply brief. *Simpson v. City of New York*, 793 F.3d 259, 264 (2d Cir. 2015). We address Cummings's remaining arguments on appeal.

## I. Motion for Reconsideration

The district court did not abuse its discretion in denying Cummings's Rule 59(e) motion. A district court may grant a motion for reconsideration under Rule 59(e) "only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv. GmbH*, 970 F.3d at 142 (internal quotation marks and alterations omitted). Here, the only evidence that Cummings identifies as material was in her possession, but she had not yet reviewed it, and therefore is not "newly discovered" evidence within the meaning of Rule 59(e).

## II. Due Process Claims

Cummings failed to state a due process claim. "In order to establish a valid claim for deprivation of procedural due process under 42 U.S.C. § 1983, a plaintiff must show that a government entity deprived her of a right secured by law." *Finley v. Giacobbe*, 79 F.3d 1285, 1296 (2d Cir. 1996). Here Cummings did not allege a valid property interest. She did not have a property interest in her probationary employment, *Finley*, 79 F.3d at 1297 ("Under New York law, it is well settled that a probationary employee, unlike a permanent employee, has no property rights in his position and may be lawfully discharged without a hearing and without any stated specific reason." (internal quotation marks omitted)), in her teaching post when she was reassigned to "100 Gold Street," *see O'Connor v. Pierson*, 426 F.3d 187, 199 (2d Cir. 2005) ("[N]o court has held that an employee on fully paid leave has been deprived of a property right merely by virtue of being relieved of his job duties."), or in specific Department of Education procedures, *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985) ("'Property' cannot be defined by the procedures provided for its deprivation any more than can life or liberty.").

Cummings also failed to establish that she was deprived of a liberty interest without due process. "We have recognized that a probationary employee can invoke the protections of the Due Process Clause where that employee has suffered a loss of reputation coupled with the deprivation of a more tangible interest, such as government employment." *Segal v. City of New York*, 459 F.3d 207, 212 (2d Cir. 2006) (internal quotation marks omitted). To state this type of "stigma-plus claim," a plaintiff must show the government made "stigmatizing statements about her—statements that call into question the plaintiff's good name, reputation, honor, or integrity." *Id.* (internal quotation marks and alterations omitted). The plaintiff must also "prove these stigmatizing statements were made public" and that they were "made concurrently with, or in close temporal relationship to, the plaintiff's dismissal from government employment." *Id.* Here, the only statement that Cummings identifies near the time of her termination is an administrator's statement to the Daily News on September 28, 2018, that the Department of Education had "begun the process of firing Ms. Cummings based upon an investigation of this unacceptable behavior and her performance as an educator." Cummings App'x at A-324. But a plaintiff must "raise the

4

falsity" of the stigmatizing statements at issue. *Segal*, 459 F.3d at 212 n.5 (internal quotation marks omitted). Here, Cummings's allegations demonstrate that the administrator's statement to the Daily News was true. *See* Cummings App'x at A-324 (alleging that Cummings received a "30-day, possible termination notice . . . dated September 17, 2018."). Accordingly, Cummings has not stated a stigma-plus claim.

## III. Equal Protection Claim

The district court construed Cummings's claim for "violation of civil rights and discrimination" as a claim under the Equal Protection Clause of the Fourteenth Amendment through 42 U.S.C. § 1983 or an employment claim under Title VII of the Civil Rights Act of 1964. Cummings App'x at 391. To plead either claim, she was required to allege that she was treated differently than similarly situated individuals because of her race. *See Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005) (Equal Protection); *Norville v. Staten Island Univ. Hosp.*, 196 F.3d 89, 95 (2d Cir. 1999) (Title VII). Cummings here asserts that one African American colleague stated that Cummings was disciplined because she was "a white teacher, teach[ing] events of black history to black students," and that "only black teachers should be allowed to teach about events of black history to black students." Cummings App'x at A-334–35. Another African American colleague stated that "[a] black teacher could have taught the very same lesson, and there would not have been a single complaint from any student's parent." *Id.* at A-335. But Cummings does not allege that any other teachers actually did teach a similar lesson, and recounting her colleagues' speculation about what might happen if a black teacher taught such a lesson is not sufficient to meet her pleading burden.[2]

## IV. Fraud/Misconduct Claims

Cummings's "fraud/misconduct" claims fail because she did not plead her claims with particularity as required under Fed. R. Civ. P. 9(b), nor did she plead that she relied on any allegedly fraudulent statements. *See Evans v. Ottimo*, 469 F.3d 278, 283 (2d Cir. 2006). Cummings asserts that she was given a fake schedule for the 2018–2019 school year, but the New York City Department of Education had already decided to terminate her employment. Cummings App'x at A-326–27. She does not allege that she took, or refrained from taking, any action in response to the allegedly fake schedule, so she has not stated a claim for fraud.

## V. Negligence

Cummings next appears to argue that Defendants Courtney Ware and Giulia Cox were negligent in failing to adhere to the regulations of the New York City Department of Education's Office of Special Investigations in conducting their investigation into allegations about Cummings's conduct. "Under New York law, the elements of a negligence claim are: (i) a duty

---

[2] Elsewhere in her complaint, Cummings states that "Student A's parent" and the minority chancellor of the New York City Department of Education could serve as comparators. *See* Cummings App'x at 329. She does not explain how either is similarly situated given that they are not alleged to be teachers.

owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach." *Lombard v. Booz-Allen & Hamilton, Inc.,* 280 F.3d 209, 215 (2d Cir. 2002). Cummings does not adequately allege that Ware or Cox owed her any duty to adhere to specific regulations in conducting their investigation, particularly given that she was an at-will employee who could be terminated even without cause. To the extent that Cummings intended to assert a negligence claim against the City of New York or its departments, her claim fails because, *inter alia*, she has not alleged that any employee acted negligently.

## VI.     Defamation Claims

Finally, Cummings has not stated a claim for defamation. "'Defamation' includes the torts of libel (usually written) and slander (usually oral)*." Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 245 n.7 (2d Cir. 2007). "Under New York law a defamation plaintiff must establish five elements: (1) a written defamatory statement of and concerning the plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or per se actionability." *Palin v. New York Times Co*., 940 F.3d 804, 809 (2d Cir. 2019). "Expressions of opinion, as opposed to assertions of fact, are deemed privileged and, no matter how offensive, cannot be the subject of an action for defamation." *Mann v. Abel*, 10 N.Y.3d 271, 276 (2008). Further, under N.Y. Civ. Rights Law § 74, "[a] civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding." Here, all of the allegedly defamatory statements that Cummings identifies were either "fair and true report[s]" of official proceedings, N.Y. Civ. Rights Law § 74, or nonactionable statements of opinion. Accordingly, she has not stated a claim for defamation.

*     *     *

We have considered all of Cummings's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court. We **DENY** Cummings's motion to strike and **GRANT** the moving defendants' cross-motion to amend the caption to confirm that the City of New York, Department of Education, Giulia Cox, and Courtney Ware are parties to this appeal.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

6