23-788
Am. Empire Surplus Lines Ins. Co. v. Lee

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of July, two thousand twenty-four.

PRESENT:
> GERARD E. LYNCH,
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY,

> *Plaintiff-Counter-Defendant-Appellant*,

> v.                                                            No. 23-788

UN LEE, YUN LEE-ITO,

> *Defendants-Counter-Claimants-*
> *Appellees,*

EDGAR VENTURA, IEJK REALTY LLC,

> *Defendants-Appellees.**

---

* The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

1

**FOR PLAINTIFF-COUNTER-**
**DEFENDANT-APPELLANT:**

MAUREEN E. O'CONNOR (John D. McKenna, *on the brief*), L'Abbate, Balkan, Colavita & Contini, L.L.P., Melville, New York.

**FOR DEFENDANTS-COUNTER-**
**CLAIMANTS-APPELLEES:**

MAGDALENE P. SKOUNTZOS, Brody Law Group PLLC, New York, NY.

**FOR DEFENDANT-APPELLEE EDGAR**
**VENTURA:**

VINCENT CHIRICO, Chirico Law PLLC, Brooklyn, NY.

Appeal from a judgment and order of the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment and order of the district court are **AFFIRMED**.

On appeal, Plaintiff-Counter-Defendant-Appellant American Empire Surplus Lines Insurance Company ("American Empire") challenges a district court's order denying its motion for summary judgment and granting summary judgment to Defendants-Appellees Edgar Ventura and IEJK Realty LLC ("IEJK") and Defendants-Counter-Claimants-Appellees Un Lee and Yun Lee-Ito (the "Lees").[1] We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal, and recount in only a limited way.

## BACKGROUND

### I.     Facts

In 2016 and 2017, American Empire issued insurance policies (the "Policies") to non-parties Disano Demolition Co., Inc. and Disano Construction Co., Inc. (collectively, "Disano").[2]

---

[1] Collectively, Ventura, IEJK, and the Lees shall be referred to hereinafter as the "Defendants."
[2] American Empire issued two commercial general liability and two commercial excess insurance policies to Disano:

The 2016 and 2017 Primary Policies provided defense and indemnification to Disano and other insured entities for sums that they may "become[] legally obligated to pay as damages" due to covered "bodily injury" or "property damage." J. App'x at 370, 447. These Primary Policies also provided that American Empire had a "duty to defend the insured against any 'suit' seeking those damages." J. App'x at 370, 447. Following multiple audits, American Empire concluded that Disano owed a total of $216,394 in additional premium (the "Premium") for the Policies. American Empire brought an action in the Eastern District of New York against Disano (the "*Disano* Action"), seeking relief—including a declaration of no coverage under the Policies should Disano fail to pay the Premium. After the withdrawal of its counsel, Disano was unable to obtain new counsel by the court's deadline or file an Answer to American Empire's Second Amended Complaint. As a result, the district court granted default judgment in the amount of $216,394 in favor of American Empire and "declare[d] that American Empire has no duty to defend or indemnify Disano under the American Empire policies for which Disano failed to pay the premium." J. App'x at 214 (the "*Disano* Order").

In the meantime, Disano faced two lawsuits: (1) a personal injury action against Disano filed by Ventura against the Lees, Disano, and another construction company concerning bodily injury that occurred in October 2017 (the "*Ventura* Action"); and (2) a property damage action against Disano and several others filed by IEJK concerning property damage occurring in September 2017 (the "*IEJK* Action"). American Empire initially defended Disano in both actions, but after securing the *Disano* Order, refused to defend Disano in either suit.

---

- Policy No. 16CG0204628: For the period June 25, 2016 to July 25, 2017 (the "2016 Primary Policy")
- Policy No. 16CX0204629: For the period June 25, 2016 to July 25, 2017 (the "2016 Excess Policy")
- Policy No. 17CG0214926: For the period July 25, 2017 to July 25, 2018 (the "2017 Primary Policy")
- Policy No. 17CX0214927: For the period June 25, 2017 to July 25, 2018 (the "2017 Excess Policy")

3

## II.    Procedural History

On April 20, 2021, American Empire filed the instant action, seeking a judgment declaring that American Empire had no obligation under the Policies to pay or satisfy any judgment awarded against Disano or any other party in the *Ventura* Action or the *IEJK* Action.  American Empire moved for summary judgment against Ventura, the Lees, and IEJK.  In turn, Ventura, IEJK, and the Lees cross-moved for summary judgment, seeking a declaration that American Empire was required to indemnify and defend Disano in the *Ventura* and *IEJK* Actions.  The Lees also sought reimbursement from American Empire for costs and fees they incurred defending the *Ventura* Action.

On April 25, 2023, the district court issued an order denying American Empire's motion and granting the motions by Ventura, IEJK, and the Lees.  Final judgment was entered on May 9, 2023.  In resolving the summary judgment motions, the district court concluded that: (1) the Defendants were not collaterally estopped by the *Disano* Order from seeking relief under the Policies; (2) American Empire had an obligation to indemnify Disano in the *Ventura* and *IEJK* Actions because it failed to timely deny coverage under the terms of their 2017 Primary Policy and under applicable law; and (3) American Empire must reimburse the Lees for previously incurred defense costs in the *Ventura* Action.[3]

## DISCUSSION

On appeal, American Empire primarily challenges the district court's conclusions that (1) the Defendants were not collaterally estopped by the *Disano* Order from seeking relief under the Policies and (2) American Empire was obliged to indemnify Disano in the *Ventura* and *IEJK*

---

[3] On May 21, 2024, we remanded this appeal to correct certain appellate jurisdiction issues involving the finality of the judgment below.  After the district court entered an amended final judgment resolving those issues, we reinstated this appeal on June 6.

4

Actions.

## I. The *Disano* Order Did Not Bar the Defendants from Seeking Relief Under the Policies.

We first conclude that the *Disano* Order did not bar the Defendants from seeking relief under the Policies. American Empire's argument, set forth in its briefing, that the *Disano* Order bars Defendants from seeking relief is rooted in the principle of collateral estoppel. As discussed above, in the *Disano* Order, a district court in a separate proceeding "declare[d] that American Empire has no duty to defend or indemnify Disano under the American Empire policies for which Disano failed to pay the premium." J. App'x at 214.

"Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006).[4] "Generally, under New York law, 'collateral estoppel effect will only be given to matters actually litigated and determined in a prior action . . . .'" *Id.* at 282 (quoting *Kaufman v. Eli Lilly & Co.*, 482 N.E.2d 63, 68 (N.Y. 1985)).

During oral argument, counsel for American Empire conceded that the district court in the instant case was not bound by the *Disano* Order. Oral Argument Audio Recording at 0:35–49, *Am. Empire Surplus Lines Ins. Co. v. Lee* (No. 23-788). That concession was well-advised.

"An issue is not actually litigated" for purposes of collateral estopped "if, for example, there has been a default, a confession of liability, a failure to place a matter in issue by proper pleading or even because of a stipulation." *Kaufman*, 482 N.E.2d at 68; *see also Abrams v.*

---

[4] The *Disano* Action was a federal diversity action. Thus, New York law applies to the collateral estoppel question. *See Plymouth Venture Partners, II, L.P. v. GTR Source, LLC*, 988 F.3d 634, 642 (2d Cir. 2021).

*Interco Inc.*, 719 F.2d 23, 33 n.9 (2d Cir. 1983) (observing that the "accepted view" is "that the decision of issues not actually litigated, e.g., a default judgment, has no preclusive effect in other litigation"); *Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan*, 263 F.3d 196, 202 n.7 (2d Cir. 2001) ("[U]nder New York law, collateral estoppel forecloses only those issues that have been 'actually litigated and determined in a prior action,' and '[a]n issue is not actually litigated if there has been a default.'" (quoting *Pigliavento v. Tyler Equip. Corp.*, 650 N.Y.S.2d 414, 415 (App. Div. 1996))).  Thus, since the *Disano* Order was entered due to Disano's default, the issue of American Empire's ongoing duty to defend under the Policies was not actually litigated for collateral estoppel purposes.

Some New York courts have recognized an exception to the general rule on default judgments and collateral estoppel: "collateral estoppel may be properly applied to default judgments where the party against whom preclusion is sought appears in the prior action, yet willfully and deliberately refuses to participate in those litigation proceedings, or abandons them, despite a full and fair opportunity to do so." *Miller v. Falco*, 95 N.Y.S.3d 334, 336–37 (App. Div. 2019) (quoting *In re Abady*, 800 N.Y.S.2d 651, 661 (App. Div. 2005)).  However, that exception does not apply here, because there is no indication that the Defendants in this case willfully and deliberately refused to participate in the *Disano* Action.

As a result, the *Disano* Order granting default judgment in favor of American Empire did not bar the Defendants from obtaining relief under the Policies.[5]

---

[5] American Empire also challenges the district court's ruling as to the Lees' counterclaim by arguing that, because American Empire "has been declared to have no coverage obligations to Disano" under the Policies, it similarly has no obligation to reimburse the Lees.  Appellant Br. at 34.  But because the *Disano* Order has no preclusive effect in this case, that argument is unavailing.

**II.** **The District Court Did Not Err by Concluding That American Empire Was Obliged to Indemnify Disano in the *Ventura* and *IEJK* Actions.**

We next conclude that the district court did not err by concluding that American Empire was obliged to indemnify Disano in the *Ventura* and *IEJK* Actions. On or around October 25, 2018, American Empire expressly cancelled the 2017 Primary and Excess Policies for nonpayment of premium, with a retroactive effective date of May 26, 2018, by issuing a "Cancellation Audit Endorsement."

The parties dispute whether American Empire timely cancelled the Policies under its own notice requirements, which require delivery of a written notice of cancellation at least "10 days before the effective date of cancellation if we cancel for nonpayment of premium." J. App'x at 441.[6] The parties also disagree about whether American Empire's attempted cancellation was timely under certain provisions of New York's Insurance Law. But the Court need not determine whether cancellation of the Policies was actually timely under either New York statutory law or the language of the Policies because, even assuming that it was, the losses at issue in the *Ventura* and *IEJK* Actions predate the effective date of cancellation by at least seven months. The loss at issue in the *Ventura* Action occurred in October 2017, and the loss at issue in the *IEJK* Action occurred in September 2017. Therefore, the 2017 Primary Policy—which provided that American Empire had a "duty to defend the insured against any 'suit' seeking those damages." J. App'x at 447—remained in effect during the relevant period when the claims for both actions arose.

Accordingly, the district court did not err by concluding that American Empire had an obligation to indemnify Disano in the *Ventura* and *IEJK* Actions.

---

[6] American Empire did not send a notice of cancellation or rescission until January 22, 2020—over 19 months after the effective date of cancellation.

## <u>CONCLUSION</u>

In light of the foregoing, the amended judgment and order of the district court are

AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court